MARK W. FLORY, State Bar No. 92610
MICHAEL C. DENLINGER, State Bar No. 130446
JAMES K. LO, State Bar No. 227598
HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 West Seventh Street, 29th Floor
Los Angeles, California 90017-2547
Telephone (213) 489-3222
Facsimile (213) 683-4835
E-Mail: mflory@hfdclaw.com
mdenlinger@hfdclaw.com
jlo@hfdclaw.com

Attorneys for Plaintiff,
HARCO NATIONAL INSURANCE COMPANY

FILED
08 JUN 20 PM 3:52
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

'08 CV 1098 AJB

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARCO NATIONAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE AUTOMOTIVE GROUP, INC.; NORTH COUNTY FORD, INC.; UNIVERSAL UNDERWRITERS INSURANCE COMPANY; LAKE ELSINORE FORD, INC.; JAMES E. CROWLEY; JOSEPH WEIR; JEFF FRIEDSTEDT; SEAN CROWLEY; SCOTT CROWLEY; MICHAEL KOSAKOWSKI; MARSHAL KENNY; DUSAN POPOVIC; JEFFREY QUADE; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT OF DEFENSE FEES AND COSTS**<br><br>**DEMAND FOR JURY** |

COMES NOW, plaintiff, HARCO NATIONAL INSURANCE COMPANY (hereinafter "HARCO"), a corporate entity, and for its Complaint alleges herein as follows:

///

///

///



HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

**NATURE OF ACTION**

1. As more fully set forth below, this is an action for declaratory judgment and reimbursement of defense costs pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202, for the purpose of determining a question of actual controversy between the parties. Jurisdiction and venue are proper pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1391.

**JURISDICTION & VENUE**

2. At all times material herein, plaintiff HARCO was and is a corporation organized and existing under and by virtue of the laws of the State of Illinois with its principal place of business in Illinois. At all times herein, HARCO was authorized to do and is doing insurance business in the State of California as well as other states.

3. HARCO is informed and believes and thereon alleges that defendant THE AUTOMOTIVE GROUP, INC. (hereinafter "TAG") is a corporation organized and existing under and by the virtue of the laws of the State of California with its principal place of business in California. At all times material herein, HARCO is informed and believes that TAG was authorized to do and is doing business in the State of California.

4. HARCO is informed and believes that defendant NORTH COUNTY FORD, INC. (hereinafter "NCF") is a corporation organized and existing under and by virtue of the laws of the State of California with its principal place of business in California. At all times herein, HARCO is informed and believes that NCF was authorized to do and is doing business in the State of California.

///

///

///

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

5. HARCO is informed and believes that defendant LAKE ELSINORE FORD, INC. (hereinafter "LEF") is a corporation organized and existing under and by virtue of the laws of the State of California with its principal place of business in California. At all times material herein, HARCO is informed and believes that LEF was authorized to do and is doing business in the State of California.

6. HARCO is informed and believes and thereon alleges that defendant JAMES E. CROWLEY (hereinafter "J. CROWLEY") is an individual residing in the State of California.

7. HARCO is informed and believes and thereon alleges that defendant JOSEPH WEIR (hereinafter "WEIR") is an individual residing in the State of California.

8. HARCO is informed and believes and thereon alleges that defendant JEFF FRIEDSTEDT (hereinafter "FRIEDSTEDT") is an individual residing in the State of California.

9. HARCO is informed and believes and thereon alleges that defendant SEAN CROWLEY (hereinafter "SEAN CROWLEY") is an individual residing in the State of California.

10. HARCO is informed and believes and thereon alleges that defendant SCOTT CROWLEY (hereinafter "SCOTT CROWLEY") is an individual residing in the State of California.

11. HARCO is informed and believes and thereon alleges that defendant MICHAEL KOSAKOWSKI (hereinafter "KOSAKOWSKI") is an individual residing in the State of California.

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

12. HARCO is informed and believes and thereon alleges that defendant MARSHALL KENNY (hereinafter "KENNY") is an individual residing in the State of California.

13. HARCO is informed and believes and thereon alleges that defendant DUSAN POPOVIC (hereinafter "POPOVIC") is an individual residing in the State of California.

14. HARCO is informed and believes and thereon alleges that defendant JEFFREY QUADE (hereinafter "QUADE") is an individual residing in the State of California.

15. HARCO is informed and believes and thereon alleges that defendant UNIVERSAL UNDERWRITERS INSURANCE COMPANY (hereinafter "UNIVERSAL") is a corporation organized and existing under and by virtue of the laws of the State of Missouri with its principal place of business in the State of Kansas. At all times material herein, HARCO is informed and believes that UNIVERSAL was authorized to do and is doing insurance business in the State of California, as well as other states.

16. Plaintiff HARCO is unaware of the true names and capacities of DOE defendants 1 through 10, inclusive, and therefore sues such defendants by fictitious names. HARCO is informed and believes, and on that basis alleges that each of the defendants designated herein as a DOE is in some manner responsible for, and contributed to the acts, injuries and damages alleged below. HARCO will seek leave of this Court to amend this Complaint to assert the true names and capacity of these defendants when the same has been ascertained.

17. The defendants named herein including DOES 1 through 10, inclusive, are hereinafter collectively referred to as "defendants."

18. None of the defendants is a citizen of the same State as HARCO and the matter in controversy exceeds the sum of Seventy-five Thousand Dollars ($75,000), exclusive of interest, attorney's fees and costs. Therefore, this Court has jurisdiction by virtue of 28 U.S.C. § 1332.

19. This Court is a proper venue pursuant to 28 U.S.C. § 1391 because HARCO is informed and believes and thereon alleges that defendants TAG and NCF reside within this judicial district and a substantial part of the alleged acts or omissions giving rise to this dispute occurred in this judicial district.

## FACTS UNDERLYING DISPUTE

20. On or about August 10, 2006, KENNY, POPOVIC and QUADE filed a Complaint in the San Diego County Superior Court entitled *Kenny, et al. v. North County Ford, et al.*, SDSC Case No. GIN 054684 (hereinafter "First Action"). The Complaint in the First Action alleged causes of action for nonpayment of wages; breach of employment contract; breach of the implied covenant of good faith and fair dealing; negligence; negligent infliction of emotional distress; intentional infliction of emotional distress; fraud or deceit–intentional misrepresentation; fraud or deceit–negligent misrepresentation; fraud and deceit; civil conspiracy; violation of § 1961 of R.I.C.O.; unfair and unlawful business practices–B&P § 17200; hostile work environment harassment and accounting. (A copy of the Complaint filed in the First Action is attached hereto as Exhibit "A.")

21. The First Action was subsequently removed to the United States District Court for the Southern District of California and the grounds for Federal subject matter jurisdiction was Federal Question. The plaintiffs in the First Action subsequently dismissed their Complaint without prejudice.

///

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

22. On or about November 20, 2006, KENNY, POPOVIC and QUADE filed another action in the San Diego County Superior Court entitled *Kenny, et al. v. North County Ford, Inc., et al.*, SDSC Case No. GIN 057015 (hereinafter "Second Action"). The Complaint in the Second Action alleged causes of action for nonpayment of wages; breach of employment contract; breach of the implied covenant of good faith and fair dealing; negligence; negligent infliction of emotional distress; intentional infliction of emotional distress; fraud or deceit–intentional misrepresentation; fraud or deceit–negligent misrepresentation; fraud and deceit–civil conspiracy; unfair and unlawful business practices–B&P § 17200 and accounting. The Second Action specifically omitted the alleged violation of § 1961 of R.I.C.O. and the hostile work environment harassment causes of action. (A copy of the Complaint filed in the Second Action is attached hereto as Exhibit "B.")

23. The Second Action was subsequently ordered into binding arbitration with Retired Judge Robert O'Neill serving as the arbitrator. HARCO is informed and believes that the arbitration is still pending before Judge O'Neill. HARCO is defending TAG, NCF, LEF, J. CROWLEY, WEIR, FRIEDSTEDT, SEAN CROWLEY, SCOTT CROWLEY, and KOSAKOWSKI (hereinafter, sometimes collectively "the INSUREDS") in the arbitration under a reservation of rights.

24. In their pertinent part, the Complaints filed in the First and Second Actions alleged that KENNY was employed at NCF as a sales manager from approximately October 1995 until 2006. It was further alleged that QUADE was employed at NCF as a sales manager from approximately May 2001 until July 2006 and prior to that he was employed as a sales manager at LEF. They further alleged that POPOVIC was employed at NCF from approximately June 2001 to April 2005. KENNY, QUADE and POPOVIC were commission based employees subject to earn wages pursuant to a contract for pay. The Complaints further alleged that in approximately 2001 the defendants, including TAG, NCF and LEF, began practicing "a form of thievery by grossly defrauding the plaintiffs and all commission based

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

employees by over–'packing' their used vehicles in an effort to decrease commission payments to its sales team." After purchasing used vehicles under Blue Book value, a charge, known as "pack" (or internal mark-ups) was then added to the price of the vehicle. The plaintiffs then alleged that in recent years, the defendants made a practice of purchasing newer, low mileage used vehicles under factory warranties for thousands of dollars under Blue Book value. Defendants then allegedly improperly and fraudulently added an average of Two Thousand Dollars ($2,000) or more in miscellaneous charges to the cost of the vehicle and called them "packs." The packs were added to the calculation of commissions owed to sales personnel and managers and the defendants allegedly misrepresented and/or covered up what "charge backs" to include for alleged cost including, but not limited to reconditioning, warranty costs, payroll costs. The plaintiffs further allege that the packs blatantly misrepresented any work actually done to the purchased used vehicles under factory warranty or any actual cost of sale, but were added for the purpose of reducing any commissions owed. Additionally, they alleged that defendants had a pattern and practice of fraudulently charging reconditioning costs against the commission based employees' wages for work that was never completed and/or work that was reimbursed by the vehicles' warranty company.

25. The plaintiffs further alleged that the defendants displayed pornographic photographs together with off-color and sexually suggestive statements and bulletins on a company website. The defendants allegedly displayed this website to other employees and engaged in a course of conduct with regard to the website that was offensive or harassing.

26. The plaintiffs further alleged that the defendants failed or refused to pay wages and commissions owed for sales procured and have engaged in "creative" and improper accounting practices resulting in alleged diminution of profits, all intended either to minimize a commission earned or at least "having improper and unlawful effect of making plaintiffs the guarantors of defendants' business losses." Plaintiffs further allege that the defendants breached their contract with plaintiffs by failing to pay the rightful commissions earned and

fraudulently over–"packing" their used vehicles in an effort to decrease commission payments to its sales teams.

27. The Complaint in the First Action was tendered to HARCO and in a written response HARCO stated that the only cause of action contained therein that was covered was the Twelfth Cause of Action for "hostile work environment harassment." HARCO stated that it would provide a defense to TAG but if a judgment is rendered against it, the only damages HARCO would pay would be those covered by the Policy. At the request of the INSUREDS, HARCO appointed the law firm of Fisher & Phillips, LLP to defend the case.

28. After the Complaint in the Second Action was filed, another letter was issued by HARCO in care of TAG. This letter acknowledged that the harassment allegation, contained in the First Action, had been dismissed from the Second Action and therefore HARCO had no duty to indemnify TAG with regard to this claim. The letter specifically stated that in an event a settlement agreement is entered into and/or a court renders a verdict, HARCO will not indemnify the dealership for any monies for which the dealership may be responsible. Nevertheless, HARCO agreed to continue the defense of the case, and has continued to defend the INSUREDS in the case through the law firm of Fisher & Phillips, LLP.

29. HARCO did not reserve its right to seek reimbursement of attorney's fees and costs expended on the defense of non-covered claims in the letters referenced above, and so does not by this action seek reimbursement from the INSUREDS for fees and costs expended prior to the date of filing this Complaint.

///

///

///

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

30. Contemporaneous with the filing of this Complaint, HARCO sent the INSUREDS a supplemental reservation of rights letter in which HARCO expressly reserves its right to seek reimbursement of fees and costs expended in the defense of the INSUREDS from the date of this Complaint forward, and HARCO seeks such reimbursement through this action.

31. Moreover, UNIVERSAL has paid no portion of the fees and costs charged by Fisher & Phillips, LLC in the defense of the INSUREDS, and HARCO seeks proportionate contribution from UNIVERSAL for all fees and costs paid by HARCO to Fisher & Phillips, LLC, and all fees and costs incurred in the future in the defense of the INSUREDS. HARCO has paid at least $500,000.00 in defense of the INSUREDS so far.

**POLICY PROVISIONS**

32. Subject to all terms, conditions, definitions and exclusions, HARCO issued Policy No. CPP0005693-00 to TAG that had effective dates of October 1, 2005 to October 1, 2006 (hereinafter "HARCO Policy"). Subject to the Policy's terms, conditions, definitions and exclusions, defendants NCF and LEF also qualify as insureds under the HARCO Policy.

33. The insuring grant under Section 2–Liability Coverage for "Garage Operations"–Other Than Covered Autos provides in its pertinent part as follows:

> "We will pay all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies caused by an 'accident' and resulting from 'garage operations' other than the ownership, maintenance or use of covered 'autos.'
>
> We have the right and duty to defend any 'insured' against a 'suit' asking for these damages. However, we have no duty to defend any 'insured' against a 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply."

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

34. Section 2–Liability Coverage of the HARCO Policy included the following exclusions:

> "1. This insurance does not apply to . . . 'bodily injury' or 'property damage' expected or intended from the standpoint of the 'insured.'
>
> 2. 'Bodily injury' to: . . .
>
> (c) a person arising out of any:
>
> (1) Refusal to employ that person;
>
> (2) Termination of that person's employment; or
>
> (3) Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person . . .
>
> This exclusion applies:
>
> (1) Whether the 'insured' may be liable as an employer or in any other capacity; and
>
> (2) To any obligation to share damages with or repays someone else who must pay damages because of the injury."
>
> 3. 'Bodily injury' to any fellow 'employee' of the 'insured' arising out of and in the course of the fellow 'employee's' employment or while performing duties relating to the conduct of your business."

35. The HARCO Policy included a "Broadened Coverage" endorsement that added advertising injury and personal injury coverages to the Garage Coverage form. The insuring clause under this endorsement provided as follows:

> "We will pay all sums the 'insured' legally must pay as damages because of 'personal and advertising injury' caused by an offense arising out of your business but only if the offense was committed in the Coverage Territory during the Policy Period.

> We will have the right and duty to defend any 'insured' against a 'suit' asking for these damages. However, we have no duty to defend any 'insured' against a 'suit' seeking damages for 'personal and advertising injury' to which this insurance does not apply."

36. The "Broadened Coverage" endorsement contained exclusions, including the following:

> "1. This insurance does not apply to:
>
> a. 'personal injury and advertising injury':
>
> (2) Caused by or at the direction of the 'insured' with the knowledge that the act would violate the rights of another and would inflict 'personal and advertising injury.'
>
> . . .
>
> (6) Arising out of breach of contract, except an implied contract to use another's advertising injury in your advertisement."

37. The "Broadened Coverage" endorsement contained the same employment related exclusion as that contained in the Garage Coverage form. Moreover, the Endorsement stated that with respect to coverage provided by the endorsement, the provisions of the Coverage Form apply unless modified by the endorsement. Finally, the "Broadened Coverage" endorsement excluded "bodily injury" arising out of "personal and advertising injury."

38. The HARCO Policy also contained a California Discrimination Endorsement. This Endorsement added exclusions to Section 1 of the "Broadened Coverage" Endorsement. The Discrimination Endorsement stated that the insurance does not apply to "personal injury" to a person arising out of any: refusal to employ that person, unless caused by "discrimination;" termination of that person's employment, unless caused by "discrimination;" or employment-related practices, policies, acts or omissions, such as

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

demotion, failure to promote evaluation, pay reassignment, discipline, harassment or coercion, directed at the person, unless caused by "discrimination."

39. The term "discrimination" was defined in the California Discrimination Endorsement as follows:

> "Any employment practice or decision which results in the unequal treatment of a protected individual or class, and which is in violation of any statute or ordinance enacted to guarantee equality of employment opportunity or conditions, unless committed intentionally by the 'insureds,' its officers or directors."

40. Subject to its terms, conditions, definitions and exclusions, HARCO also issued a commercial umbrella liability policy, No. BU-0005693 00, to TAG that had effective dates of October 1, 2005 to October 1, 2006 (hereinafter "Umbrella Policy"). Defendants NCF and LEF qualify as named insureds under the Umbrella Policy.

41. The insuring agreement contained in the HARCO Umbrella Policy provided as follows:

> "We will pay on behalf of the 'insured' the 'ultimate loss' in excess of the 'applicable underlying limit' which the insured becomes legally obligated to pay as damages because of 'bodily injury', 'property damage', 'personal injury', or 'advertising injury' to which this insurance applies when caused by an 'occurrence' or 'offense' any where in the world, provided suit is brought in the United States or Canada. However, we have no duty to defend any 'suit' not covered by this coverage part."

42. The Umbrella Policy also included exclusions including an expected or intended injury, or unlawful or dishonest acts exclusions; an employee indemnification and employer's liability exclusion; an exclusion for personal and advertising injury, arising out of the willful violation of a penal statute or ordinance committed by or with the consent of the "insured;" a cross-liability exclusion that pertain to any suits brought against any "insured" under the policy by or on behalf of any other "insured" under the policy.

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

43. The Umbrella Policy also contained a Discrimination Following Form Endorsement that applied when "discrimination" coverage was provided in the underlying insurances. The effect of the Endorsement was to modify the "personal injury" exclusion to except certain enumerated acts caused by discrimination. The term "discrimination" was defined in the Umbrella Policy as:

> "any employment practice or decision which results in the unequal treatment of a protected individual or class, and which is in violation of any statute or ordinance enacted to guarantee equality of employment opportunity or conditions, unless committed intentionally by the 'insureds,' its officers or directors."

44. HARCO is informed and believes that defendant UNIVERSAL issued policies to the INSUREDS under three (3) liability policies that were in effect from October 1, 2002 to October 1, 2005. HARCO is informed and believes that the First Action and/or the Second Action were tendered to UNIVERSAL for defense and indemnity and that UNIVERSAL has agreed to defend the INSUREDS under a reservation of rights.

45. To date, UNIVERSAL has paid no portion of the defense fees and costs incurred by HARCO for counsel selected by the INSUREDS. HARCO contends that UNIVERSAL has a duty to defend the INSUREDS.

**FIRST CAUSE OF ACTION**

**Declaratory Relief - No Duty to Defend**

**(Against All Defendants)**

46. HARCO realleges and incorporates as though fully set forth herein, Paragraphs 1 through 45, above.

///

///

///

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

47. HARCO contends that it has no duty to defend the INSUREDS, in the Second Action because the action does not fall within the scope of the insuring agreements in the HARCO Policy and the Umbrella Policy and/or because exclusions contained in those policies apply.

48. HARCO is informed and believes that defendants, the INSUREDS, contend that HARCO does have a duty to defend them in the Second Action.

49. An actual controversy has and now exists between HARCO and defendants as to whether HARCO has any duty to defend defendants, the INSUREDS, in the Second Action under the HARCO Policy and/or Umbrella Policy.

50. HARCO desires a judicial determination and declaration of the respective rights and duties under the HARCO Policy and the Umbrella Policy regarding the duty, if any, to defend the INSUREDS, in the underlying action and seeks to have such determination binding upon all defendants named in this Complaint. This determination and declaration are necessary and appropriate at this time so that all parties to this action can determine their respective rights, obligations and duties under the HARCO Policy and Umbrella Policy.

## SECOND CAUSE OF ACTION

**For Declaratory Relief – No Duty to Indemnify**

**(Against All Defendants)**

51. HARCO re-alleges, and incorporates as though fully set forth herein, Paragraphs 1 through 50 above.

///

///

///



HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

52. An actual controversy has arisen and now exists between HARCO and defendants, the INSUREDS, as to whether HARCO has any duty to indemnify said defendants under the HARCO Policy and the Umbrella Policy with respect to the Second Action. HARCO contends that there is no such duty because the damages sought in the Second Action do not fall within the scope of the insuring agreements contained in the HARCO Policy and the Umbrella Policy and/or because exclusions contained in the Policies apply.

53. HARCO is informed and believes that defendants, the INSUREDS, contend that HARCO does have a duty to indemnify them in the Second Action under the HARCO Policy and/or Umbrella Policy.

54. HARCO desires a judicial determination and declaration of the respective rights and duties of HARCO and defendants, the INSUREDS, regarding the duty, if any, to indemnify them in the Second Action, and seeks to have this determination binding upon all defendants named in this declaratory relief action. This determination and declaration are necessary and appropriate at this time so that all parties to this action can determine their rights, obligations, and duties under the HARCO Policy and the Umbrella Policy.

**THIRD CAUSE OF ACTION**

**Reimbursement of Defense Fees and Costs**

**(Against the INSUREDS, UNIVERSAL, and DOES 1-5)**

55. Plaintiff HARCO re-alleges and incorporates as though fully set forth herein, Paragraphs 1 through 54, above.

56. HARCO has been affording the INSUREDS a defense in the Second Action under a reservation of rights through the law firm of Fisher & Phillips, LLP.

///

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

57. UNIVERSAL has paid no portion of the defense fees and costs incurred by HARCO in defending the INSUREDS through the Fisher & Phillips, LLP, law firm. Therefore, HARCO is entitled to be reimbursed by UNIVERSAL for a proportionate share of the defense fees and costs incurred, and to be incurred, in the Second Action.

58. As of the date of this Complaint, HARCO has reserved its right to seek from the INSUREDS reimbursement of defense fees and costs incurred in the Second Action, and HARCO has no duty to defend the INSUREDS. Therefore, HARCO is entitled to be reimbursed for its payment of defense fees and costs incurred in the Second Action subsequent to the date of filing this Complaint.

59. Plaintiff HARCO has been damaged in an amount to be proven at trial for the fees and costs that it has incurred and continues to incur in defending the INSUREDS' in the Second Action. Said amount exceeds the $75,000 minimum jurisdictional limit.

**PRAYER**

WHEREFORE, HARCO prays for judgment as follows:

1. A judicial determination and declaration that HARCO had no and has no duty to defend the INSUREDS in the Second Action;

2. A judicial determination and declaration that HARCO had no and has no duty to indemnify the INSUREDS in the Second Action;

3. For reimbursement from UNIVERSAL of a proportionate share of the defense fees and costs incurred by HARCO in defending the INSUREDS in the Second Action up to the date of filing this Complaint;

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

4. For reimbursement of all defense fees and costs incurred by HARCO in defending the INSUREDS in the Second Action subsequent to HARCO's June reservation of rights in an amount to be proven at trial;

5. For pre-judgment interest;

6. For costs of suit incurred herein; and

7. For such other and further relief as the Court may deem just and proper.

DATED: June 20, 2008

HARRINGTON, FOXX, DUBROW & CANTER, LLP
MARK W. FLORY
MICHAEL C. DENLINGER
JAMES K. LO

By Michael C. Denlinger for
MARK W. FLORY
Attorneys for Plaintiff
HARCO NATIONAL INSURANCE COMPANY

HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 WEST SEVENTH STREET, 29TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2547
TELEPHONE (213) 489-3222

**DEMAND FOR JURY TRIAL**

Plaintiff, HARCO NATIONAL INSURANCE COMPANY demands a jury trial in the above-entitled action on all issues properly triable by a jury.

DATED: June 20, 2008

HARRINGTON, FOXX, DUBROW & CANTER, LLP
MARK W. FLORY
MICHAEL C. DENLINGER
JAMES K. LO

By Michael C. Denlinger for
MARK W. FLORY
Attorneys for Plaintiff
HARCO NATIONAL INSURANCE COMPANY

EXHIBIT A

**QUADE & ASSOCIATES, a PLC**
MICHAEL W. QUADE, ESQ. [S.B. #171930]
AMY E. ALLEMANN, ESQ. [S.B. #206533]
CHERYL L. GUSTAFSON, ESQ. [S.B. #234490]
11230 Sorrento Valley Road, Suite 225
San Diego, California 92121
Telephone: (858) 642-1700
Facsimile: (858) 642-1778

2006 AUG 10 AM 10: 44

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

Attorneys for Plaintiffs, MARSHALL KENNY, DUSAN POPOVIC, and JEFFREY QUADE

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN DIEGO-NORTH COUNTY DIVISION

| | |
|---|---|
| MARSHALL KENNY, an individual, DUSAN POPOVIC, an individual, and JEFFREY QUADE, an individual;<br><br>Plaintiffs,<br><br>v.<br><br>NORTH COUNTY FORD INC; a corporation; THE AUTOMOTIVE GROUP INC; a corporation; LAKE ELSINOR FORD; a corporation; JAMES E. CROWLEY, an individual; JOSEPH R. WEIR, an individual; JEFF FRIEDSTEDT, an individual; SEAN CROWLEY, an individual; SCOTT CROWLEY, an individual; MICHAEL KOSAKOWSKI, an individual and DOES 1 through 1300, inclusive<br><br>Defendants. | CASE NO. GIN054684<br><br>Complaint Filed:<br><br>I/C JUDGE:<br>DEPT:<br><br>**COMPLAINT FOR DAMAGES:**<br><br>(1) NONPAYMENT OF WAGES;<br>(2) BREACH OF EMPLOYMENT; CONTRACT<br>(3) BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING;<br>(4) NEGLIGENCE;<br>(5) NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS;<br>(6) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;<br>(7) FRAUD OR DECEIT-INTENTIONAL MISREPRESENTATION;<br>(8) FRAUD OR DECEIT-NEGLIGENT MISREPRESENTATION;<br>(9) FRAUD AND DECEIT<br>(10) CIVIL CONSPIRACY<br>(11) VIOLATION OF § 1961 OF R.I.C.O;<br>(12) UNFAIR AND UNLAWFUL BUSINESS PRACTICES - B&P § 17200;<br>(13) HOSTILE WORK ENVIRONMENT HARASSMENT;<br>(14) AN ACCOUNTING |

COMES NOW, Plaintiffs MARSHALL KENNY, DUSAN POPOVIC, and JEFFREY QUADE herein allege as follows:

## GENERAL ALLEGATIONS

1. Venue is proper in this Court because the employment of both Plaintiffs upon which this complaint is based and the conduct complained of, were, respectively, entered into and occurred in part in San Diego County.

2. Plaintiff MARSHALL KENNY (hereinafter KENNY) at all times relevant herein and during his employment with Defendants was a resident of the County of San Diego, State of California, during his employment with Defendants.

3. Plantiff DUSAN POPOVIC (hereinafter POPOVIC) during his employment at North County Ford, was a resident of the County of San Diego, State of California and was employed in the County of San Diego, State of California.

4. Plaintiff JEFFREY QUADE (hereinafter QUADE) at all times relevant herein, was a resident of the County of San Diego, State of California and was employed in the County of San Diego, State of California.

5. Plaintiffs are informed and believe and thereon allege that at all times relevant herein, Defendant NORTH COUNTY FORD, INC. (hereinafter Defendant FORD) was and is a corporation organized under the State of California and was and is licensed to do business and is doing business in the County of San Diego, State of California.

6. Plaintiffs are informed and believe and thereon allege that at all time relevant herein, Defendant THE AUTOMOTIVE GROUP, INC. (hereinafter Defendant TAG) was and is a corporation organized under the State of California and was and is licensed to do business and is doing business in the County of San Diego, State of California.

7. Plaintiffs are informed and believe and thereon allege that at all time relevant herein, Defendant LAKE ELSINOR FORD, INC. (hereinafter Defendant LEF) was and is a corporation organized under the State of California and was and is licensed to do business and is doing business in the County of Riverside, State of California.

QUADE & ASSOCIATES
11230 Sorrento Valley Road, Suite 225
San Diego, California 92121
(858) 642-1700
Fax (858) 642-1778



Q:\KENNY, Marshall\PLEADINGS\Revised Complaint.wpd

8. Plaintiffs are informed and believe and thereon allege that at all times relevant herein, Defendant JAMES E. CROWLEY (hereinafter Defendant J. CROWLEY), is an owner/director of each of the Defendant Corporations. Plaintiff's are informed and believe and thereon allege that at all times relevant herein, Defendant CROWLEY was and is an individual residing within the County of San Diego, State of California.

9. Plaintiffs are informed and believe and thereon allege that at all times relevant herein, Defendant JOSEPH R. WEIR (hereinafter Defendant WEIR), is an owner/director of each of the Defendant Corporations. Plaintiffs are informed and believe and thereon allege that at all times relevant herein, Defendant WEIR was and is an individual residing and/or employed within the County of San Diego, State of California.

10. Plaintiffs are informed and believe and thereon allege that during all times relevant herein, Defendant SCOTT CROWLEY (hereinafter Defendant SCOTT), was and is an owner/director of some or all of the Defendant Corporations. Plaintiffs are informed and believe and thereon allege that at all times relevant herein, Defendant SCOTT was and is an individual residing and/or employed within the County of San Diego, State of California.

11. Plaintiffs are informed and believe and thereon allege that during all times relevant herein, Defendant SEAN CROWLEY (hereinafter Defendant SEAN), was and is an owner/director of some or all of the Defendant Corporations. Plaintiffs are informed and believe and thereon allege that at all times relevant herein, Defendant SEAN was and is an individual residing and/or employed within the County of San Diego, State of California.

12. Plaintiffs are informed and believe and thereon allege that during all times relevant herein, Defendant MICHAEL KOSAKOWSKI (hereinafter Defendant KOSAKOWSKI), was and is an owner/director of some or all of the Defendant Corporations. Plaintiffs are informed and believe and thereon allege that at all times relevant herein, Defendant KOSAKOWSKI was and is an individual residing and/or employed within the County of San Diego, State of California.

13. Plaintiffs are informed and believe and thereon allege that during all times relevant herein, Defendant JEFF FRIEDSTEDT (hereinafter Defendant FRIEDSTEDT), was and is an owner/director of some or all of the Defendant Corporations. Plaintiffs are informed and believe and

QUADE & ASSOCIATES
11230 Sorrento Valley Road, Suite 225
San Diego, California 92121
(858) 642-1700
Fax (858) 642-1778

thereon allege that at all times relevant herein, Defendant FRIEDSTEDT was and is an individual residing and/or employed within the County of San Diego, State of California.

14. Plaintiffs are unaware of the true names or capacities of DOE defendants 1 through 1300, inclusive, and therefore sues such defendants by such fictitious names pursuant to California *Code of Civil Procedure* § 474. Plaintiffs are informed and believe, and on that basis allege that each of the defendants designated herein as a DOE is in some manner responsible for, and contributed to, the acts, injuries, and damages alleged below. Plaintiffs will seek leave of this Court to amend this complaint to assert the true names and capacities of these defendants when the same has been ascertained.

15. The defendants named herein including DOES 1 through 1300, inclusive, are hereinafter collectively referred to herein as "Defendants."

16. Plaintiffs are informed and believe, and on that basis allege, that at all times mentioned herein, Defendants, and each of them, were agents, servants, general partners, joint venturers, and/or employees of each of the other Defendants, and in doing the things herein alleged, were acting within the course and scope of their employment and/or agency, thereby rendering each Defendant legally responsible for the acts, omissions, breaches and other conduct of each remaining Defendant.

17. Plaintiffs are informed and believe and on that basis allege that Defendants, including DOES, have knowledge of the acts and omissions more further described herein either by direct knowledge or by acquiescing to information known to be erroneous.

18. As a direct and proximate result of Defendants' conduct as more fully set forth herein, Plaintiffs have suffered damages exceeding the jurisdiction minimum of this Court.

19. Plaintiffs name said Defendants herein, and each of them, because Plaintiffs are in doubt and do not know exactly from which of the said Defendants Plaintiffs are entitled to redress in light of the fact that the injuries and damages to Plaintiffs herein alleged were caused by the combined negligence of all of the Defendants, or one or more of them. For that reason, Plaintiffs name all of the said Defendants, and asks that the Court determine the liability of each and all of the said Defendants in this action and to what extent and what responsibility falls upon each of said Defendants, and that

QUADE & ASSOCIATES
11230 Sorrento Valley Road, Suite 225
San Diego, California 92121
(858) 642-1700
Fax (858) 642-1778

the Court award judgment to Plaintiffs as against such or all Defendants, either jointly or separately, as may be found liable.

## FACTUAL ALLEGATIONS

20. Plaintiffs incorporate herein by reference each and every preceding paragraph as though set forth fully herein.

21. Plaintiffs are informed and believe and thereon make the following factual allegations:

22. At all relevant times mentioned herein, Defendants have operated, owned, or been affiliated with numerous automobile dealerships and related companies throughout the California.

23. Plaintiffs are informed and believe and thereon allege that Defendant TAG is related to numerous automobile dealerships, including but not limited to Defendant FORD. Plaintiffs are informed and believe and thereon allege that TAG shares personal, management, funding, profits and ownership and has been used to assist in perpetuating the frauds more fully described herein.

24. Plaintiffs are informed and believe and thereon allege that J. CROWLEY, WEIR, FRIEDSTEDT, SEAN CROWLEY, SCOTT CROWLEY, and KOSAKOWSKI are owners and/or directors and/or board members and/or individuals who direct and create the policies and procedures of FORD.

25. Plaintiff KENNY was employed at the FORD dealership as a Sales Manager from approximately October 1995 until 2006.

26. Plaintiff QUADE was employed at the FORD dealership as a Sales Manager from approximately May 2001 until July 2006. Prior to that, Plaintiff QUADE was employed at LEF as a Sales Manager.

27. Plaintiff POPOVIC was employed at the FORD dealership from approximately June 2001 to April of 2005.

28. Plaintiffs are informed and believe and thereon allege that as employees, they are in a special relationship with their employers.

## DEFRAUDING OF EMPLOYEES

29. Plaintiffs are informed and believe and thereon allege that Plaintiffs were commission based employees subject to earned wages pursuant to a contract for pay. This contract outlined pay for

QUADE & ASSOCIATES
11230 Sorrento Valley Road, Suite 225
San Diego, California 92121
(858) 642-1700
Fax (858) 642-1778

the Sales Manager position. These contracts were amended from time to time at the discretion of FORD. Two exemplar copies of such contracts are attached hereto as **Exhibit "A"** and incorporated fully by this reference. A separate contract also sets forth the pay and commissions for non-manager sales personnel.

30. Plaintiffs are informed and believe and thereon allege that other, earlier-dated contracts for pay related to the Sales Manager position may also relate to the allegations herein.

31. Plaintiffs are informed and believe and thereon allege that Plaintiffs were paid their respective wages in some fashion.

32. Plaintiffs are informed and believe and thereon allege that, as employees of FORD, Plaintiffs received THE AUTOMOTIVE GROUP Employee Handbook. An exemplar copy of said Employee Handbook is attached hereto as **Exhibit "B"** and incorporated fully by this reference.

33. Plaintiffs are informed and believe and thereon allege that in approximately 2001, Defendants began practicing a form of thievery by grossly defrauding Plaintiffs, and all its commission based employees, by over-"packing" their used vehicles in an effort to decrease commission payments to its sales team.

34. Plaintiffs are informed and believe and thereon allege that this fraudulent policy and practice continues to date.

35. Plaintiffs are informed and believe and thereon allege that typically, Defendants would purchase a used vehicle, under blue book value. This practice is common in the used vehicle industry. A charge, known as a pack, (or internal mark-ups) is then added to the price of the vehicle. This practice gives allowance for a dealership's overhead and is normally passed through to commission-based employees upon the sale of the used vehicles and/or helps cushion the costs of reconditioning work, if any, that may need to be done.

36. Plaintiffs are informed and believe and thereon allege that a "pack", as defined by industry standard, is a reasonable amount deducted from each used vehicle to help cover overhead costs of the car when formulating commissions.

37. Plaintiffs are informed and believe and thereon allege that in one, more recently dated contract, Plaintiffs were told, via their pay plan that a "the dealership will, from time to time, add an

QUADE & ASSOCIATES
11230 Sorrento Valley Road, Suite 225
San Diego, California 92121
(858) 642-1700
Fax (858) 642-1778

internal mark-up or (pack) on certain items sold by the F&I department. This mark-up is non commissionable, nor a refundable item." See **Exhibit "A"** attached hereto and incorporated fully by this reference. This explanation was incorporated into a later contract, long after the packs had been used to diminish Plaintiffs' commissions.

38. Plaintiffs are informed and believe and thereon allege that no other identification of any aspect of a pack was disclosed or agreed to by any commissionee/employee.

39. Plaintiffs are informed and believe and thereon allege that in the first few years of employment, the pack was approximately $361.00 and without the gross charge backs, described in more detail herein.

40. Plaintiffs are informed and believe and thereon allege that in recent years, Defendants have made a practice of purchasing newer low mileage used vehicles, under factory warranties (i.e. 3 year/36,000 miles) for thousands of dollar under blue book value. Defendants then improperly and fraudulently added an average of $2,000.00, or more, in miscellaneous charges to the cost of the vehicle and called them "packs".

41. Plaintiffs are informed and believe and thereon allege that the charges associated with these packs are grossly greater than packs typical of the industry. Defendants' packs include but are not limited to charges for alleged costs that they called:

- reconditioning costs
- payroll
- warranty costs
- charges for TAG Motorsport equipment/upgrades
- built in used car "packs"
- invoice adjustment
- buy fees
- HazMat fees

42. These packs were added calculation of commissions owed to sales personnel and managers. Since then, Defendants misrepresented and/or covered up what "charge backs" to include but are not limited to reconditioning, warranty costs, payroll costs, and even the used car pack, would

QUADE & ASSOCIATES
11230 Sorrento Valley Road, Suite 225
San Diego, California 92121
(858) 642-1700
Fax (858) 642-1778

total and how it would severely decrease the commission portion of salary to commission-based employees.

43. Plaintiffs are informed and believe and thereon allege that these packs blatantly misrepresent any work actually done to the purchased used vehicles under factory warranty or any actual cost of sale but were added for the purpose of reducing any commissions owed.

44. Plaintiffs are informed and believe and thereon allege that Defendants have a pattern and practice of fraudulently charging reconditioning costs against the commission based employees wages for work that was never completed and/or work that was reimbursed by the vehicles warranty company.

45. Plaintiffs relied upon these misrepresentations to their detriment and were not paid compensation monies due.

46. Plaintiffs are informed and believe and thereon allege that the actions mentioned herein were performed by agents and employees of Defendants, acting within the scope of their employment and with Defendants permission and consent.

47. Plaintiffs are informed and believe and thereon allege that Defendants caused foregoing to occur by creating unethical and illegal policies and procedures and by thereafter following or directing others to follow the unethical and illegal policies and procedures they created.

48. Plaintiffs are informed and believe and thereon allege Defendants permitted the foregoing to be perpetuated by various employees including but not limited to, accounting staff persons and service department technicians.

49. Plaintiffs are informed and believe and thereon allege that at all times relevant herein, Plaintiffs were performing the duties assigned to them in a satisfactory manner.

50. Plaintiffs are informed and believe and thereon allege that Defendants have engaged in other deceptive practices which may become known during discovery. Plaintiffs reserve the right to seek leave of the Court to amend this complaint to conform to proof and/or add additional allegations upon discovery.

QUADE & ASSOCIATES
11230 Sorrento Valley Road, Suite 225
San Diego, California 92121
(858) 642-1700
Fax (858) 642-1778

## HOSTILE WORK ENVIRONMENT

51. Plaintiffs, further allege, based on information and belief that Defendants promote, particularly via their general counsel, a website found at www.woundeddonkey.com. Plaintiffs are informed and believe and thereon allege that several North County Ford owners appear in photos on this website. This site displays pornographic photographs in a variety of locations together with off-color and sexually-suggestive statements and bulletins. Defendants displayed this website to other employees and engaged in a course of conduct with regard to said website that was offensive and harassing.

52. As a result of Defendants' conduct Plaintiffs have suffered a serious medical condition resulting in great physical and mental pain and suffering, medical expenses, a loss of earnings and benefits, and damages as otherwise alleged herein.

## FIRST CAUSE OF ACTION

### Nonpayment of Wages

### (As to all Defendants and DOES 1 through 1300, inclusive, and each of them)

53. Plaintiffs incorporate herein by reference each and every preceding paragraph as though set forth fully herein.

54. During the course of Plaintiffs' employment, Plaintiffs became entitled to certain commissions, which are Plaintiffs' wages pursuant to California law (See *Labor Code*§ 200).

55. At all times relevant hereto, Plaintiffs were entitled to commission for automobile sales at FORD. However, despite the fact that Plaintiffs are entitled to those commissions - i.e., to payment of their wages - Defendants have refused and continue to refuse to pay Plaintiffs their wages, in violation of California *Labor Code* § 201.

56. Specifically, the sales managers and FORD entered into an agreement whereby Plaintiffs would earn a commission of "1.4% of the total gross for the New and Used Vehicle departments represented on ADP MIS #19 report less new and used policy minus the total gross for fleet, FIN and fleettail as represented on the Advent #42 report." See **Exhibit "A"** attached hereto and incorporated fully by this reference.

QUADE & ASSOCIATES
11230 Sorrento Valley Road, Suite 225
San Diego, California 92121
(858) 642-1700
Fax (858) 642-1778

57. Plaintiffs are informed and believe and thereon allege that sales associates also had a contract for commissions to be paid on each car that they sold. This commission was set at a different basis. Plaintiffs reserve the right to amend this complaint upon discovery of the pertinent contracts.

58. Plaintiffs are informed and believe and thereon allege that Defendants have failed to and refused to pay wages and commissions owed for sales procured. Rather, Defendants have engaged in "creative" and improper accounting practices as set forth above, resulting in alleged diminution of profits, all intended either to minimize the commission earned, or at least, having improper and unlawful effect of making Plaintiffs the guarantors of Defendants' business losses.

59. Plaintiffs are informed and believe and thereon allege that Defendants have repudiated Plaintiffs' entitlement to commissions.

60. Plaintiffs are informed and believe and thereon allege that Defendants have failed to and refused to pay said commissions or to render any accountings to Plaintiffs. The total amount of wages due is estimated to be in the neighborhood of approximately $200,000.00 per plaintiff. This total does not include statutory interest or penalties to which Plaintiffs are entitled.

61. Plaintiffs have demanded payment of said wages; however, Defendants have refused and continue to refuse to pay Plaintiffs the amount due and owing Plaintiffs. Plaintiffs are entitled to declaratory relief relative to entitlement of said commissions, to injunctive relief pursuant to *Labor Code* § 1194.5 to prohibit the Defendants from any continued refusal to render appropriate payments and accountings, to restitution of sums improperly retained, as well as to all unpaid commissions earned to date, together with interest thereon.

62. Plaintiffs are informed and believe and thereon allege that Defendants' failure to pay Plaintiffs the wages due and owing is willful in that Plaintiffs have made a written demand for this payment but Defendants have refused to pay any portion of the amount due and owing Plaintiffs.

63. Plaintiffs are informed and believe and thereon allege that Defendants' willful failure to pay Plaintiffs the wages due and owing constitutes a violation of California *Labor Code* § 203 which provides that an employee's wages will continue as a penalty, until paid, for up to 30 days from the time the wages were due, in an amount to be determined according to proof.

QUADE & ASSOCIATES
11230 Sorrento Valley Road, Suite 225
San Diego, California 92121
(858) 642-1700
Fax (858) 642-1778

64. Pursuant to *Labor Code* § 218.5, Plaintiffs request that this Court award Plaintiffs reasonable attorney fees and costs incurred by Plaintiffs in this action for recovering these unpaid wages.

65. As a direct and proximate result of defendants failure to pay Plaintiffs their proper wages, Plaintiffs have suffered and continue to suffer substantial losses in earnings, bonuses, deferred compensation and other employment benefits in an amount subject to proof at the time of trial, which Plaintiffs claim as damages. Plaintiffs, therefore, will seek leave of Court to amend this Complaint when such sums can be reasonably ascertained, or will offer proof of same at the time of trial.

66. As a direct and proximate result of defendants violations, Plaintiffs have also suffered general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial. Plaintiffs, therefore, will seek leave of Court to amend this Complaint when such sums can be reasonably ascertained, or will offer proof of same at the time of trial.

67. In addition, Plaintiffs have suffered serious physical and psychological pain as a direct and proximate result of defendants actions. Said injuries caused, and will continue to cause Plaintiffs great physical and mental pain and suffering for which various medical and related costs will be incurred. Plaintiffs seek such amount as damages. Plaintiffs, therefore, will seek leave of Court to amend this Complaint when such sums can be reasonably ascertained, or will offer proof of same at the time of trial.

68. Plaintiffs claim the aforementioned damages together with pre-judgment interest pursuant to *Civil Code* § 3287 and/or any other provision of law providing for pre-judgment interest.

**SECOND CAUSE OF ACTION**

**Breach of Employment Contract**

**(As to all Defendants and DOES 1 through 1300, inclusive, and each of them)**

69. Plaintiffs incorporate herein by reference each and every preceding paragraph as though set forth fully herein.

70. Plaintiffs are informed and believe and thereon allege that Plaintiffs and Defendants had express contract(s) for pay by which Defendants agreed to pay Plaintiffs certain commissions in exchange for Plaintiffs' employment as Sales Managers and/or Sales Associates.

QUADE & ASSOCIATES
11230 Sorrento Valley Road, Suite 225
San Diego, California 92121
(858) 642-1700
Fax (858) 642-1778

71. Plaintiffs are informed and believe and thereon allege that Plaintiffs performed all or substantially performed all of the terms, covenants and conditions required of them.

72. Plaintiffs are informed and believe and thereon allege that Defendants breached their contract with Plaintiffs by failing to pay Plaintiffs the rightful commissions earned and fraudulently over-"packing" their used vehicles in an effort to decrease commission payments to its sales team. As such, Defendants have refused to allow Plaintiffs the benefits of the contract and Defendants have failed to perform under the contract in an agreed upon manner.

73. As a direct and proximate result of Defendants breach of employment contract, Plaintiffs have suffered and continue to suffer substantial losses in earnings, bonuses, deferred compensation and other employment benefits in an amount subject to proof at the time of trial, which Plaintiffs claim as damages. Plaintiffs, therefore, will seek leave of Court to amend this Complaint when such sums can be reasonably ascertained, or will offer proof of same at the time of trial.

74. As a direct and proximate result of Defendants violations, Plaintiffs have also suffered general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial. Plaintiffs, therefore, will seek leave of Court to amend this Complaint when such sums can be reasonably ascertained, or will offer proof of same at the time of trial.

75. In addition, Plaintiffs have suffered serious physical and psychological pain as a direct and proximate result of Defendants' actions. Said injuries caused, and will continue to cause Plaintiffs great physical and mental pain and suffering for which various medical and related costs will be incurred. Plaintiffs seek such amount as damages. Plaintiffs, therefore, will seek leave of Court to amend this Complaint when such sums can be reasonably ascertained, or will offer proof of same at the time of trial.

76. Plaintiffs are informed and believe and thereon allege that as a further direct and proximate result of the breach of contract of Defendants Plaintiffs have incurred and continue to incur costs and expenses including but not limited to, litigation costs, attorneys' fees, and other damages arising out of the breach of contract, as alleged herein.

77. Plaintiffs claim the aforementioned damages together with pre-judgment interest pursuant to *Civil Code* § 3287 and/or any other provision of law providing for pre-judgment interest.

QUADE & ASSOCIATES
11230 Sorrento Valley Road, Suite 225
San Diego, California 92121
(858) 642-1700
Fax (858) 642-1778

**THIRD CAUSE OF ACTION**

**Breach of Covenant of Good Faith Fair Dealing**

**(As to all Defendants and DOES 1 through 1300, inclusive, and each of them)**

78. Plaintiffs incorporate herein by reference each and every preceding paragraph as though set forth fully herein.

79. Plaintiffs are informed and believe and thereon allege that Plaintiffs and Defendants had express contract(s) for pay by which Defendants agreed to pay Plaintiffs certain commissions in exchange for Plaintiffs' employment as Sales Managers and/or Sales Associates.

80. Plaintiffs are informed and believe and thereon allege that Plaintiffs performed all or substantially performed all of the terms, covenants and conditions required.

81. Plaintiffs are informed and believe and thereon allege that said contract(s) contained an implied covenant of good faith and fair dealing by which Defendants promised to give full cooperation to Plaintiffs and their performance under said contract(s). Defendants would refrain from doing any act that would prevent or impede Plaintiffs from performing all the conditions of the contract to be performed by Plaintiffs, or any act that would prevent or impede them enjoyment of the fruits of said contract(s). Specifically, said covenant of good faith and fair dealing required Defendants to fairly, honestly and reasonably perform the terms and conditions of the express agreement.

82. Plaintiffs, with no legal representation and/or prior experience in making contracts such as the one(s) alleged herein, were in an inherently unequal bargaining position in dealing with Defendants. In addition, once Plaintiffs committed themselves to the above-stated contract(s), and took the reasonable actions alleged herein in reliance, Plaintiffs were placed in a particularly vulnerable position because they had given up openings and opportunities in their field. They had entrusted their entire livelihood to Defendants' willingness to perform their obligations under the contract(s), and risked suffering great harm if Defendants failed to perform. Defendants were aware of Plaintiffs' vulnerability in this regard.

83. Plaintiffs are informed and believe and thereon allege that Defendants breached their express contract(s) with Plaintiffs without conducting any reasonable investigations concerning its obligations under said contract, without good or sufficient cause, for reasons extraneous to the contract,

QUADE & ASSOCIATES
11230 Sorrento Valley Road, Suite 225
San Diego, California 92121
(858) 642-1700
Fax (858) 642-1778

and for the purpose of frustrating Plaintiffs' enjoyment of the benefits of the contract(s). Specifically, Defendants acts in allowing and perpetrating the fraudulent over-charging scheme deprived Plaintiffs of income due under the express contract(s). Accordingly, Defendants breached the implied duty of good faith and fair dealing.

84. As a direct and proximate result of Defendants' breach of the covenant of good faith and fair dealing, Plaintiffs have suffered and continue to suffer substantial losses in earnings, bonuses, deferred compensation and other employment benefits in an amount subject to proof at the time of trial, which Plaintiffs claim as damages. Plaintiffs, therefore, will seek leave of Court to amend this Complaint when such sums can be reasonably ascertained, or will offer proof of same at the time of trial.

85. As a direct and proximate result of Defendants' violations, Plaintiffs have also suffered and will continue to suffer general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial. Plaintiffs, therefore, will seek leave of Court to amend this Complaint when such sums can be reasonably ascertained, or will offer proof of same at the time of trial.

86. In addition, Plaintiffs have suffered serious physical and psychological pain as a direct and proximate result of Defendants actions. Said injuries caused, and will continue to cause Plaintiffs great physical and mental pain and suffering for which various medical and related costs will be incurred. Plaintiffs seek such amount as damages. Plaintiffs, therefore, will seek leave of Court to amend this Complaint when such sums can be reasonably ascertained, or will offer proof of same at the time of trial.

87. Plaintiffs are informed and believe and thereon allege that as a further direct and proximate result of the breach of contract of Defendants, Plaintiffs have incurred and continue to incur costs and expenses including but not limited to, litigation costs, attorneys' fees, and other damages arising out of the breach of the covenant of good faith and fair dealing, as alleged herein.

88. Plaintiffs claim the aforementioned damages together with pre-judgment interest pursuant to *Civil Code* § 3287 and/or any other provision of law providing for pre-judgment interest.

///

QUADE & ASSOCIATES
11230 Sorrento Valley Road, Suite 225
San Diego, California 92121
(858) 642-1700
Fax (858) 642-1778

**FOURTH CAUSE OF ACTION**

**Negligence**

**(As to all Defendants and DOES 1 through 1300, inclusive, and each of them)**

89. Plaintiffs incorporate herein by reference each and every preceding paragraph as though set forth fully herein.

90. Plaintiffs are informed and believe and thereon allege that as employers, Defendants had a duty to Plaintiffs to provide an ethical, legal and professional work environment.

91. Plaintiffs are informed and believe and thereon allege that as employers, Defendants had a duty to pay rightfully earned commissions as set forth in job descriptions and employee manuals.

92. Plaintiffs are informed and believe and thereon allege that Defendants breached their duty of care to Plaintiffs by negligently, carelessly and wrongfully performing acts/omissions which include but are not limited to, non-payment of earned commissions; misrepresenting commission calculations and the amount of "charge-backs" that would be taken out of said commission payments; not providing a truthful description of the charge-back to be taken out of Plaintiffs' commission payments; attempting to conceal fraudulent "charge-backs" by assigning fictitious reconditioning costs; concealing reconditioning costs covered by warranties; engaging in questionable accounting practices; and engaging in the fraudulent transfer of assets.

93. Plaintiffs are informed and believe and thereon allege that Defendants further breached their duty to Plaintiffs by negligently, carelessly and wrongfully permitting and/or tolerating via its employees and/or agents, a sexually-suggestive website that contributed to the creation of a hostile work environment.

94. As a direct and proximate result of Defendants' negligence, Plaintiffs have suffered and continue to suffer substantial losses in earnings, bonuses, deferred compensation and other employment benefits in an amount subject to proof at the time of trial, which Plaintiffs claim as damages. Plaintiffs, therefore, will seek leave of Court to amend this Complaint when such sums can be reasonably ascertained, or will offer proof of same at the time of trial.

95. As a direct and proximate result of Defendants' violations, Plaintiffs have also suffered general damages for mental and emotional distress and aggravation in an amount to be proven at the

QUADE & ASSOCIATES
11230 Sorrento Valley Road, Suite 225
San Diego, California 92121
(858) 642-1700
Fax (858) 642-1778

time of trial. Plaintiffs, therefore, will seek leave of Court to amend this Complaint when such sums can be reasonably ascertained, or will offer proof of same at the time of trial.

96. In addition, Plaintiffs have suffered serious physical and psychological pain as a direct and proximate result of Defendants' actions. Said injuries caused, and will continue to cause, Plaintiffs great physical and mental pain and suffering for which various medical and related costs will be incurred. Plaintiffs seek such amount as damages. Plaintiffs, therefore, will seek leave of Court to amend this Complaint when such sums can be reasonably ascertained, or will offer proof of same at the time of trial.

97. Plaintiffs are informed and believe and thereon allege that as a further direct and proximate result of the breach of contract of Defendants, Plaintiffs have incurred and continue to incur costs and expenses including but not limited to, litigation costs, attorneys' fees, and other damages arising out of the negligence of Defendants, as alleged herein.

98. Plaintiffs claim the aforementioned damages together with pre-judgment interest pursuant to *Civil Code* § 3287 and/or any other provision of law providing for pre-judgment interest.

**FIFTH CAUSE OF ACTION**

**Negligent Infliction of Emotional Distress**

**(As to all Defendants and DOES 1 through 1300, inclusive, and each of them)**

99. Plaintiffs incorporate herein by reference each and every preceding paragraph as though set forth fully herein.

100. Plaintiffs are informed and believe and thereon allege that Defendants breached their duty of care to Plaintiffs by negligently, carelessly and wrongfully performing acts/omissions which include but are not limited to, non-payment of earned commissions; misrepresenting commission calculations and the amount of "charge-backs" that would be taken out of said commission payments; not providing a truthful description of the charge-back to be taken out of Plaintiffs' commission payments; attempting to conceal fraudulent "charge-backs" by assigning fictitious reconditioning costs; concealing reconditioning costs covered by warranties; engaging in questionable accounting practices; and engaging in the fraudulent transfer of assets.

QUADE & ASSOCIATES
11230 Sorrento Valley Road, Suite 225
San Diego, California 92121
(858) 642-1700
Fax (858) 642-1778

101. Plaintiffs are informed and believe and thereon allege that Defendants further breached their duty to Plaintiffs by negligently, carelessly and wrongfully permitting and/or tolerating via its employees and/or agents a sexually-suggestive website that contributed to the creation of a hostile work environment.

102. Plaintiffs are informed and believe and thereon allege that Defendants knew or should have known that they, due to their negligent acts and due to their failure to exercise reasonable care and diligence to avoid loss and to minimize and mitigate damages, Plaintiffs were damaged.

103. Plaintiffs have suffered, and will continue to suffer, additional severe psychological and physical harm and emotional distress including but not limited to suffering, anguish, fright, horror, nervousness, grief, anxiety, worry shock, humiliation, and shame as result of the conduct alleged herein. This distress is of such a degree that Plaintiffs are unable to cope with same. Furthermore, an ordinary, reasonable person would also be unable to cope with this degree of distress.

104. Plaintiffs reaction to each of Defendants' conduct was at all times reasonable.

105. Plaintiffs are informed and believes and thereon allege that Defendants' conduct was a substantial factor in causing Plaintiffs' severe emotional and physical distress. As a direct and legal result of Defendants' actions, Plaintiffs have suffered serious physical and psychological injuries which have caused, and continue to cause, Plaintiffs to suffer serious physical and psychological pain.

106. Plaintiffs are informed and believes and thereon allege that Defendants' conduct has caused Plaintiffs and will continue to cause Plaintiffs, great physical and mental pain and suffering, medical expenses, a loss of earnings and benefits, and damages as otherwise alleged herein. Plaintiffs will seek leave from the Court to amend his Complaint to include the correct amount when ascertained, or to prove said amount at the time of trial.

107. As a direct and proximate result of Defendants' negligent conduct, Plaintiffs have suffered and continue to suffer substantial losses in earnings, bonuses, deferred compensation and other employment benefits in an amount subject to proof at the time of trial, which Plaintiffs claim as damages. Plaintiffs, therefore, will seek leave of Court to amend this Complaint when such sums can be reasonably ascertained, or will offer proof of same at the time of trial.

QUADE & ASSOCIATES
11230 Sorrento Valley Road, Suite 225
San Diego, California 92121
(858) 642-1700
Fax (858) 642-1778

108. As a direct and proximate result of Defendants' violations, Plaintiffs have also suffered general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial. Plaintiffs, therefore, will seek leave of Court to amend this Complaint when such sums can be reasonably ascertained, or will offer proof of same at the time of trial.

109. Plaintiffs are informed and believe and thereon allege that as a further direct and proximate result of the breach of contract of Defendants, Plaintiffs have incurred and continue to incur costs and expenses including but not limited to, litigation costs, attorneys' fees, and other damages arising out of the negligence of Defendants, as alleged herein.

110. Plaintiffs claim the aforementioned damages together with pre-judgment interest pursuant to *Civil Code* § 3287 and/or any other provision of law providing for pre-judgment interest.

**SIXTH CAUSE OF ACTION**

**Intentional Infliction of Emotional Distress**

**(As to all Defendants and DOES 1 through 1300, inclusive, and each of them)**

111. Plaintiffs incorporate herein by reference each and every preceding paragraph as though set forth fully herein.

112. Plaintiffs are informed and believe and thereon allege that Defendants have intentionally with malice and/or recklessly committed acts/omissions, which include but are not limited to, non-payment of earned commissions; misrepresenting commission calculations and the amount of "charge-backs" that would be taken out of said commission payments; not providing a truthful description of the charge-back to be taken out of Plaintiffs' commission payments; attempting to conceal fraudulent "charge-backs" by assigning fictitious reconditioning costs; concealing reconditioning costs covered by warranties; engaging in questionable accounting practices; and engaging in the fraudulent transfer of assets.

113. Plaintiffs are informed and believe and thereon allege that Defendants have intentionally with malice and/or recklessly permitted and/or tolerated via its employees and/or agents have displayed a sexually-suggestive website that contributed to the creation of a hostile work environment.

QUADE & ASSOCIATES
11230 Sorrento Valley Road, Suite 225
San Diego, California 92121
(858) 642-1700
Fax (858) 642-1778

114. Plaintiffs are informed and believe and thereon allege that Defendants' conduct as more fully laid herein outrageous and unprivileged conduct done for the purpose of causing mental anguish and emotional distress.

115. Plaintiffs are informed and believe and thereon allege that Defendants acted with reckless disregard of the probability that Plaintiffs would suffer emotional distress, knowing that Plaintiffs were present when the aforementioned conduct occurred.

116. Plaintiffs are informed and believe and thereon allege that Defendants' conduct was intentional and malicious and done for the purpose of causing Plaintiffs to suffer humiliation, mental anguish, and emotional and physical distress. The defendant individuals' conduct, in confirming and ratifying the remaining Defendants, was done with knowledge that Plaintiffs' emotional and physical distress would thereby increase, and was done with wanton and reckless disregard of the consequences to Plaintiffs.

117. Plaintiffs have suffered, and will continue to suffer, additional severe psychological and physical harm and emotional distress including but not limited to suffering, anguish, fright, horror, nervousness, grief, anxiety, worry shock, humiliation, and shame as result of the conduct alleged herein. This distress is of such a degree that Plaintiffs are unable to cope with same. Furthermore, an ordinary, reasonable person would also be unable to cope with this degree of distress.

118. Plaintiffs' reaction to each of Defendants' conduct was at all times reasonable.

119. Plaintiffs are informed and believe and thereon allege that Defendants' conduct was a substantial factor in causing Plaintiffs' severe emotional and physical distress. As a direct and legal result of Defendants' actions, Plaintiffs have suffered serious physical and psychological injuries which have caused, and continue to cause, Plaintiffs to suffer serious physical and psychological pain.

120. Plaintiffs are informed and believe and thereon allege that Defendants' conduct has caused Plaintiffs and will continue to cause Plaintiffs, great physical and mental pain and suffering, medical expenses, a loss of earnings and benefits, and damages as otherwise alleged herein. Plaintiffs will seek leave from the Court to amend his Complaint to include the correct amount when ascertained, or to prove said amount at the time of trial.

QUADE & ASSOCIATES
11230 Sorrento Valley Road, Suite 225
San Diego, California 92121
(858) 642-1700
Fax (858) 642-1778

121. Plaintiffs further allege that the deliberate acts of Defendants, as alleged herein, were willfully executed with a conscious disregard for the rights of others and were intended to oppress and cause injury and, in fact, did oppress and cause injury to Plaintiffs. Plaintiffs are, therefore, entitled to an award of punitive damages in an amount sufficient to punish and make an example of Defendants in an amount subject to proof at the time of trial. Plaintiffs, therefore, will seek leave of Court to amend this Complaint when such sums can be reasonably ascertained, or will offer proof of same at the time of trial.

122. As a direct and proximate result of Defendants' intentional conduct, Plaintiffs have suffered and continue to suffer substantial losses in earnings, bonuses, deferred compensation and other employment benefits in an amount subject to proof at the time of trial, which Plaintiffs claim as damages. Plaintiffs, therefore, will seek leave of Court to amend this Complaint when such sums can be reasonably ascertained, or will offer proof of same at the time of trial.

123. As a direct and proximate result of Defendants violations, Plaintiffs have also suffered general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial. Plaintiffs, therefore, will seek leave of Court to amend this Complaint when such sums can be reasonably ascertained, or will offer proof of same at the time of trial.

124. Plaintiffs are informed and believe and thereon allege that as a further direct and proximate result of the breach of contract of Defendants, Plaintiffs have incurred and continue to incur costs and expenses including but not limited to, litigation costs, attorneys' fees, and other damages arising out of the intentional conduct of Defendants, as alleged herein.

125. Plaintiffs claim the aforementioned damages together with pre-judgment interest pursuant to *Civil Code* § 3287 and/or any other provision of law providing for pre-judgment interest.

///

///

///

///

///

///

QUADE & ASSOCIATES
11230 Sorrento Valley Road, Suite 225
San Diego, California 92121
(858) 642-1700
Fax (858) 642-1778

## SEVENTH CAUSE OF ACTION

### Fraud or Deceit- Intentional Misrepresentation

### (As to all Defendants and DOES 1 through 1300, inclusive, and each of them)

126. Plaintiffs incorporate herein by reference each and every preceding paragraph as though set forth fully herein.

127. Plaintiffs are informed and believe and thereon allege that Defendants represented to Plaintiffs that the following facts were true: that pursuant to Plaintiffs' employment, Defendants were capable of and would pay commissions and/or bonuses to the sales associates and managers in a legal and ethical manner and that Defendants' business practices were honest and uncompromising.

128. Plaintiffs are informed and believe and thereon allege that said representations were made both verbally and in writing.

129. Plaintiffs are informed and believe and thereon allege that said representations were material, and the time said representations were made by Defendants, said representations were in fact false. The true facts were that Defendants were not willing to operate a legal and ethical dealership and to refrain from any and all forms of fraud against their employees, and in fact said Defendants had intention to do so. The representations were in fact false as Plaintiffs were not paid their rightfully earned commissions but rather, Defendants over-"packed" their used vehicles in an effort to decrease commission payments to its sales team as set forth more fully herein.

130. Plaintiffs are informed and believe and thereon allege that Defendants knew the representations were false when they made them or that they made the representations recklessly and without regard for its truth, having been privy to information regarding the truth.

131. Plaintiffs are informed and believe and thereon allege that the conduct of Defendants was intolerable. Defendants abused their authority in relation to Plaintiffs when they misrepresented facts to Plaintiffs.

132. Plaintiffs are informed and believe and thereon allege that the Defendants knowingly and recklessly made the above material and false statements and representations without reasonable ground to believe such statements and representations were true and with the intent to have Plaintiffs

QUADE & ASSOCIATES
11230 Sorrento Valley Road, Suite 225
San Diego, California 92121
(858) 642-1700
Fax (858) 642-1778

rely thereon and to induce Plaintiffs to enter into the employment, and discontinue any and all efforts to seek substitute employment.

133. Plaintiffs, in fact, relied on these false representations in entering employment, continuing employment, and discontinuing any and all efforts to seek substitute employment. Had Plaintiffs known the true facts, they would not have entered into or remained in the employment relationship.

134. Plaintiffs reasonably relied on Defendants representations as said representations came from entities and individuals Plaintiffs believe they could trust.

135. Plaintiffs are informed and believe and thereon allege that Defendants, in making false representations and in failing to disclose the falsity of their representations as set forth herein, intended to cause Plaintiffs harm.

136. Plaintiffs further allege that the deliberate acts of Defendants, as alleged herein, were willfully executed with a conscious disregard for the rights of others and were intended to oppress and cause injury and, in fact, did oppress and cause injury to Plaintiffs. Plaintiffs are, therefore, entitled to an award of punitive damages in an amount sufficient to punish and make an example of Defendants in an amount subject to proof at the time of trial. Plaintiffs, therefore, will seek leave of Court to amend this Complaint when such sums can be reasonably ascertained, or will offer proof of same at the time of trial.

137. As a direct and proximate result of Defendants intentional conduct, Plaintiffs have suffered and continue to suffer substantial losses in earnings, bonuses, deferred compensation and other employment benefits in an amount subject to proof at the time of trial, which Plaintiffs claim as damages. Plaintiffs, therefore, will seek leave of Court to amend this Complaint when such sums can be reasonably ascertained, or will offer proof of same at the time of trial.

138. As a direct and proximate result of Defendants' violations, Plaintiffs have also suffered general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial. Plaintiffs, therefore, will seek leave of Court to amend this Complaint when such sums can be reasonably ascertained, or will offer proof of same at the time of trial.

QUADE & ASSOCIATES
11230 Sorrento Valley Road, Suite 225
San Diego, California 92121
(858) 642-1700
Fax (858) 642-1778

139. In addition, Plaintiffs have suffered serious physical and psychological pain as a direct and proximate result of Defendants actions. Said injuries caused, and will continue to cause Plaintiffs great physical and mental pain and suffering for which various medical and related costs will be incurred. Plaintiffs seeks such amount as damages. Plaintiffs, therefore, will seek leave of Court to amend this Complaint when such sums can be reasonably ascertained, or will offer proof of same at the time of trial.

140. Plaintiffs are informed and believe and thereon allege that as a further direct and proximate result of the breach of contract of Defendants, Plaintiffs have incurred and continue to incur costs and expenses including but not limited to, litigation costs, attorneys' fees, and other damages arising out of the intentional conduct of Defendants, as alleged herein.

141. Plaintiffs claim the aforementioned damages together with pre-judgment interest pursuant to *Civil Code* § 3287 and/or any other provision of law providing for pre-judgment interest.

**EIGHTH CAUSE OF ACTION**

**Fraud or Deceit- Negligent Misrepresentation**

**(As to all Defendants and DOES 1 through 1300, inclusive, and each of them)**

142. Plaintiffs incorporate herein by reference each and every preceding paragraph as though set forth fully herein.

143. Plaintiffs are informed and believe and thereon allege that Defendants represented to Plaintiffs that the following facts were true: that pursuant to Plaintiffs' employment, Defendants were capable of and would pay commissions and/or bonus to the sales associates and managers in a legal and ethical manner and that Defendants' business practices were honest and uncompromising.

144. Plaintiffs are informed and believe and thereon allege that said representations were made both verbally and in writing.

145. Plaintiffs are informed and believe and thereon allege that said representations were material, and the time said representations were made by said Defendants, said representations were in fact, false. The true facts were that Defendants were not willing to operate a legal and ethical dealership and to refrain from any and all forms of fraud against their employees, and in fact said Defendants had no intention to do so. The representations were in fact false, in that Plaintiffs were not

QUADE & ASSOCIATES
11230 Sorrento Valley Road, Suite 225
San Diego, California 92121
(858) 642-1700
Fax (858) 642-1778

paid their rightfully earned commissions but rather, Defendants over-"packed" their used vehicles in an effort to decrease commission payments to its sales team as set forth more fully herein.

146. Plaintiffs are informed and believe and thereon allege that Defendants knew or should have known the representations were false when they made them or that they had no reasonable grounds for believing the representations were true when they were made.

147. Plaintiffs are informed and believe and thereon allege that the conduct of Defendants was intolerable. Defendants abused their authority in relation to Plaintiffs when they misrepresented facts to Plaintiffs.

148. Plaintiffs are informed and believe and thereon allege that the Defendants negligently made the above material and false statements and representations without reasonable ground to believe such statements and representations were true and with the intent to have Plaintiffs rely thereon and to induce Plaintiffs to enter into the employment contract, and discontinue any and all efforts to seek substitute employment.

149. Plaintiffs, in fact, relied on these false representations in entering employment, continuing employment, and discontinuing any and all efforts to seek substitute employment. Had Plaintiffs known the true facts, they would not have entered into the employment relationship.

150. Plaintiffs reasonably relied on Defendants' representations as said representations came from entities and individuals Plaintiffs believed they could trust.

151. Plaintiffs are informed and believe and thereon allege that Defendants, in making false representations and in failing to disclose the falsity of their representations as set forth, intended to cause Plaintiffs harm.

152. As a direct and proximate result of Defendants' intentional conduct, Plaintiffs have suffered and continue to suffer substantial losses in earnings, bonuses, deferred compensation and other employment benefits in an amount subject to proof at the time of trial, which Plaintiffs claim as damages. Plaintiffs, therefore, will seek leave of Court to amend this Complaint when such sums can be reasonably ascertained, or will offer proof of same at the time of trial.

153. As a direct and proximate result of Defendants' actions, Plaintiffs have also suffered general damages for mental and emotional distress and aggravation in an amount to be proven at the

QUADE & ASSOCIATES
11230 Sorrento Valley Road, Suite 225
San Diego, California 92121
(858) 642-1700
Fax (858) 642-1778

time of trial. Plaintiffs, therefore, will seek leave of Court to amend this Complaint when such sums can be reasonably ascertained, or will offer proof of same at the time of trial.

154. In addition, Plaintiffs has suffered serious physical and psychological pain as a direct and proximate result of Defendants' actions. Said injuries caused, and will continue to cause Plaintiffs great physical and mental pain and suffering for which various medical and related costs will be incurred. Plaintiffs seek such amount as damages. Plaintiffs, therefore, will seek leave of Court to amend this Complaint when such sums can be reasonably ascertained, or will offer proof of same at the time of trial.

155. Plaintiffs are informed and believe and thereon allege that as a further direct and proximate result of the breach of contract of Defendants, Plaintiffs have incurred and continue to incur costs and expenses including but not limited to, litigation costs, attorneys' fees, and other damages arising out of the conduct of Defendants, as alleged herein.

156. Plaintiffs claim the aforementioned damages together with pre-judgment interest pursuant to *Civil Code* § 3287 and/or any other provision of law providing for pre-judgment interest

**NINTH CAUSE OF ACTION**

**Fraud or Deceit- Civil Conspiracy**

**(As to all Defendants and DOES 1 through 1300, inclusive, and each of them)**

157. Plaintiffs incorporate herein by reference each and every preceding paragraph as though set forth fully herein.

158. Plaintiffs are informed and believe and thereon allege that Defendants conspired to defraud Plaintiffs of their right to earned wages as more fully set forth herein.

159. Plaintiffs are informed and believe and thereon allege that pursuant to this conspiracy, Defendants engaged in a course of conduct to ensure that the Plaintiffs were not paid their rightful commissions by acts including but not limited to, rearranging assets and debts in such a manner to deprive Plaintiffs of their rightful amount due; misrepresenting commission calculations and the amount of "charge-backs" that would be taken out of said commission payments; not providing a truthful description of the charge-back to be taken out of Plaintiffs' commission payments; attempting to conceal fraudulent "charge-backs" by assigning fictitious reconditioning costs; concealing

QUADE & ASSOCIATES
11230 Sorrento Valley Road, Suite 225
San Diego, California 92121
(858) 642-1700
Fax (858) 642-1778

reconditioning costs covered by warranties; engaging in questionable accounting practices; and engaging in the fraudulent transfer of assets.

160. Plaintiffs are informed and believe and thereon allege that Defendants were aware of the acts of each of the other Defendants' wrongful conduct and assisted in ensuring that Plaintiffs were not paid their rightful commissions.

161. Plaintiffs are informed and believe and thereon allege that Defendants agreed with the actions of each other Defendants and intended that the wrongful conduct described herein occur.

162. Plaintiffs are informed and believe and thereon allege that Defendants cooperated with the actions of each of the other Defendants and intended that the fraudulent actions occurred.

163. Plaintiffs are informed and believe and thereon allege that the purpose of this conspiracy was solely to ensure that Plaintiffs were not paid their full commissions.

164. Plaintiffs are informed and believe and thereon allege that additionally, Defendants have violated R.I.C.O. as set forth herein. Defendants acted in concert in order to accomplish their common wrongful purpose as set forth further herein.

**TENTH CAUSE OF ACTION**

**Violation of § 1961 OF R.I.C.O**

**(As to all Defendants and DOES 1 through 1300, inclusive, and each of them)**

165. Plaintiffs incorporate herein by reference each and every preceding paragraph as though set forth fully herein.

166. This claim for relief arises under 18 U.S.C.§ 1962 of R.I.C.O. and is asserted against all Defendants.

167. Each Plaintiff is a "person" as that term is defined in 18 U.S.C. § 1961 (3) of R.I.C.O.

168. Defendants J. CROWLEY, WEIR, FRIEDSTEDT, SEAN CROWLEY, SCOTT CROWLEY, and KOSAKOWSKI are "persons" as that term is defined in 18 U.S.C. § 1961 (3) of R.I.C.O.

169. All other Defendants are "enterprises" as that term is defined in 18 U.S.C. § 1961 (4).

170. Plaintiffs are informed and believe and thereon allege that Defendants have committed and/or aided and abetted a pattern of wrongful acts including, but not limited to, fraudulently

QUADE & ASSOCIATES
11230 Sorrento Valley Road, Suite 225
San Diego, California 92121
(858) 642-1700
Fax (858) 642-1778

transferring and hiding assets, fraudulently using the corporate shell and engaging in conspiracy with other Defendants' holdings or related companies, all in an attempt to avoid payment of earned commissions to Plaintiffs. Each of these wrongful acts were effectuated through the exchange of information and documents utilizing the methods of interstate communication in violation of 18 U.S.C. § 1341.

171. Plaintiffs are informed and believe and thereon allege that each of the foregoing acts constitute "racketeering activity," as that term is defined in 18 U.S.C.§ 1961 (1) of R.I.C.O. Each such racketeering activity had a similar purpose, involved the same or similar participates and methods of commission and had similar results impacting upon Plaintiffs and thus, constituted a "pattern of racketeering activity" as that term is defined in § 1961 (5) of R.I.C.O..

172. Plaintiffs are informed and believe and thereon allege that in violation of § 1962 of RICO, Defendants and their related companies, conspired to derive and derived substantial proceeds from the racketeering activity and conspired to use or invest, and used or invested, such proceeds in the operations to the enterprise as described above.

173. As a direct and proximate result of Defendants violation of § 1962 of R.I.C.O, Plaintiffs have been injured because they have unjustly been denied compensation they were promised as set forth more fully herein. Under the provisions of § 1964 of R.I.C.O, Plaintiffs are entitled to bring this action and recover treble damages, the cost of bringing this suit, and attorneys' fees.

**ELEVENTH CAUSE OF ACTION**

**Unfair and Unlawful Business Practices- Business and Professions Code Section 17200 et seq.**

**(As to all Defendants and DOES 1 through 1300, inclusive, and each of them)**

174. Plaintiffs incorporate herein by reference each and every preceding paragraph as though set forth fully herein.

175. This is a Representative Private Attorney General Action and Class Action for Unfair Business Practices. Plaintiffs, on their own behalf and on behalf of the general public, and on behalf of other similarly situated, brings this claim pursuant to *Business and Professions Code* § 17200, et seq.

QUADE & ASSOCIATES
11230 Sorrento Valley Road, Suite 225
San Diego, California 92121
(858) 642-1700
Fax (858) 642-1778

176. Plaintiffs are informed and believe and thereon allege that the conduct of all Defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Plaintiffs, the general public, and the Plaintiffs' class. Plaintiffs seek to enforce important rights affecting the public interest within the meaning of *Code of Civil Procedure § 1021.5.*

177. Plaintiffs are informed and believe and thereon allege that Defendants, through the conduct described herein, have engaged in unfair, unlawful and fraudulent business practices in violation of *Business & Professional Code §17000, et seq.* The acts constitute a continuing and ongoing unlawful activity prohibited by *Business & Professional Code §17000, et seq.* and *Business & Professional Code §17200, et seq.*, and justify the issuance of an injunction, restitution, and other equitable relief pursuant to *Business & Professional Code §17203.*

178. Each plaintiff is a "person" within the meaning of *Business & Professional Code § 17204*, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

179. Plaintiffs are informed and believe and thereon allege that, by and through their unfair, unlawful, and/or fraudulent business practices described herein, Defendants have obtained money and services from Plaintiffs and have deprived Plaintiffs of valuable rights and benefits guaranteed by law, all to Plaintiffs' detriment, have unlawfully made Plaintiffs the guarantor of their losses and having unlawfully avoided law and policy by by fraudulently "packing" it's cost of sales, by charging it's employees for these cost of sales, thus avoiding payment of applicable taxes and avoiding proper payment of wages to Plaintiffs.

180. Plaintiffs are informed and believe and thereon allege that the prompt payment of contracted pay and other legally required wages and benefits is a fundamental public policy of this state.

181. Plaintiffs are informed and believe and thereon allege that all of the acts described herein are unlawful and in violation of public policy and the California *Labor Code*, and in addition are immoral, unethical, oppressive, fraudulent, and unscrupulous, and thereby constitute unfair, unlawful, and/or fraudulent business practices, in violation of California *Business & Professions Code §17200, et seq.*

QUADE & ASSOCIATES
11230 Sorrento Valley Road, Suite 225
San Diego, California 92121
(858) 642-1700
Fax (858) 642-1778

182. Plaintiffs are informed and believe and thereon allege that Defendants either knew, or in the exercise of reasonable care should have known, that their conduct was unlawful. As such, it is a violation of *Business & Professional Code § 17200.*

183. Plaintiffs are informed and believe and thereon allege that unless restrained by this Court, Defendants will continue to engage in the unlawful conduct as alleged above. Pursuant to the *Business and Professions Code*, this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by Defendants, their agents or employees, of any unlawful or deceptive practice prohibited by the *Business & Professions Code*, and/or, including but not limited to, disgorgement of profits which may be necessary to restore Plaintiffs and the class members the money Defendants have unlawfully failed to pay.

**TWELFTH CAUSE OF ACTION**

**Hostile Work Environment Harassment**

**(As to all Defendants and DOES 1 through 1300, inclusive, and each of them)**

184. Plaintiffs incorporate herein by reference each and every preceding paragraph as though set forth fully herein.

185. Plaintiffs are informed and believe and thereon allege that Plaintiffs were subjected to unwarranted harassment based upon their gender in their workplace.

186. As set forth above, Defendants promote, particularly via their general counsel, a website found at www.woundeddonkey.com. Plaintiffs are informed and believe and thereon allege that several North County Ford owners appear in photos on this website. This site displays pornographic photographs in a variety of locations together with off-color and sexually-suggestive statements and bulletins. This site was displayed and promoted continuously throughout the work environment. The display of this website to other employees is offensive and harassing to Plaintiffs.

187. Plaintiffs are informed and believe and thereon allege that such harassment caused a hostile or abusive work environment.

188. Plaintiffs are informed and believe and thereon allege that Plaintiffs were employees of TAG and/or FORD.

QUADE & ASSOCIATES
11230 Sorrento Valley Road, Suite 225
San Diego, California 92121
(858) 642-1700
Fax (858) 642-1778

189. Plaintiffs are informed and believe and thereon allege that the harassing conduct was so severe, widespread and persistent that a reasonable person in Plaintiffs' circumstances would have considered the work environment to be hostile or abusive.

190. Plaintiffs considered the work environment to be hostile or abusive.

191. Defendants, and its agents, knew or should have known of the conduct and they failed to take immediate and appropriate corrective action.

192. Plaintiffs have suffered, and will continue to suffer, additional severe psychological and physical harm and emotional distress including but not limited to suffering, anguish, fright, horror, nervousness, grief, anxiety, worry shock, humiliation, and shame as result of the conduct alleged herein. This distress is of such a degree that Plaintiffs are unable to cope with same. Furthermore, an ordinary, reasonable person would also be unable to cope with this degree of distress.

193. Plaintiffs are informed and believes and thereon allege that Defendants' conduct was a substantial factor in causing Plaintiffs' severe emotional and physical distress. As a direct and legal result of Defendants' actions, Plaintiffs have suffered serious physical and psychological injuries which have caused, and continue to cause, Plaintiffs to suffer serious physical and psychological pain.

194. Plaintiffs are informed and believes and thereon allege that Defendants' conduct has caused Plaintiffs and will continue to cause Plaintiffs, great physical and mental pain and suffering, medical expenses, a loss of earnings and benefits, and damages as otherwise alleged herein. Plaintiffs will seek leave from the Court to amend his Complaint to include the correct amount when ascertained, or to prove said amount at the time of trial.

195. As a direct and proximate result of Defendants' intentional conduct, Plaintiffs have suffered and continue to suffer substantial losses in earnings, bonuses, deferred compensation and other employment benefits in an amount subject to proof at the time of trial, which Plaintiffs claim as damages. Plaintiffs, therefore, seek leave of Court to amend this Complaint when such sums can be reasonably ascertained, or offer proof of same at the time of trial.

196. As a direct and proximate result of Defendants' violations, Plaintiffs have also suffered general damages for mental and emotional distress and aggravation in an amount to be proven at the

QUADE & ASSOCIATES
11230 Sorrento Valley Road, Suite 225
San Diego, California 92121
(858) 642-1700
Fax (858) 642-1778

time of trial. Plaintiffs, therefore, seek leave of Court to amend this Complaint when such sums can be reasonably ascertained, or offer proof of same at the time of trial.

197. Plaintiffs are informed and believe and thereon allege that, as a further direct and proximate result of the actions and omissions of Defendants, Plaintiffs have incurred and continue to incur costs and expenses including but not limited to, litigation costs, attorneys' fees, and other damages arising out of the conduct of Defendants, as alleged herein.

198. Plaintiffs claim the aforementioned damages together with pre-judgment interest pursuant to *Civil Code* § 3287 and/or any other provision of law providing for pre-judgment interest.

**THIRTEENTH CAUSE OF ACTION**

**For an Accounting**

**(As to all Defendants and DOES 1 through 1300, inclusive, and each of them)**

199. Plaintiffs incorporate herein by reference each and every preceding paragraph as though set forth fully herein.

200. There is an unknown balance of money that is due and owed to Plaintiffs, the precise amount of which cannot be ascertained without an accounting, because the means of said accounting are within the knowledge and power of Defendants. Said sums include appropriate reconciliation of all sums paid or to be paid to Plaintiffs, as well as deductions taken and to be taken as allowable "overhead."

201. Defendants' are obliged to care for and protect in all particulars Plaintiffs' financial interest, and to hold in trust the moneys provided to Defendants, which is ear-marked for Plaintiffs.

202. Plaintiff seeks an accounting from Defendants, relating to their operations.

**PRAYER**

1. For all economic and non-economic damages in an amount according to proof at trial.
2. For reasonable attorney fees incurred.
3. For interest thereon, as permitted by law.
4. For punitive damages sufficient to punish Defendants for their wrongdoing as described herein and in an amount subject to proof at trial.
5. For an accounting relating to Defendants' operations and payment to Plaintiffs.

QUADE & ASSOCIATES
11230 Sorrento Valley Road, Suite 225
San Diego, California 92121
(858) 642-1700
Fax (858) 642-1778

6. Pursuant to *Business & Professions Code* §§17203 and 17535, and pursuant to the equitable powers of this Court, Plaintiffs pray that the Defendants be preliminarily and permanently enjoined from the afore-mentioned unfair business practices.

7. For other relief as the court deems just and proper.

DATED: August 9, 2006

QUADE & ASSOCIATES, a PLC

By: [signature]
Michael W. Quade
Amy Elizabeth Allemann
Cheryl L. Gustafson
Attorneys for MARSHALL KENNY
and JEFFREY QUADE

QUADE & ASSOCIATES
11230 Sorrento Valley Road, Suite 225
San Diego, California 92121
(858) 642-1700
Fax (858) 642-1778

**QUADE & ASSOCIATES, a PLC**
MICHAEL W. QUADE, ESQ. [S.B. #171930]
AMY E. ALLEMANN, ESQ. [S.B. #206533]
CHERYL L. GUSTAFSON, ESQ. [S.B. #234490]
11230 Sorrento Valley Road, Suite 225
San Diego, California 92121
Telephone: (858) 642-1700
Facsimile: (858) 642-1778

2006 NOV 20 PM 3:45

Attorneys for Plaintiffs, MARSHALL KENNY, DUSAN POPOVIC, and JEFFREY QUADE

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN DIEGO-NORTH COUNTY DIVISION

MARSHALL KENNY, an individual, DUSAN POPOVIC, an individual, and JEFFREY QUADE, an individual;

Plaintiffs,

v.

NORTH COUNTY FORD INC; a corporation; THE AUTOMOTIVE GROUP INC; a corporation; LAKE ELSINORE FORD; a corporation; JAMES E. CROWLEY, an individual; JOSEPH R. WEIR, an individual; JEFF FRIEDSTEDT, an individual; SEAN CROWLEY, an individual; SCOTT CROWLEY, an individual; MICHAEL KOSAKOWSKI, an individual and DOES 1 through 1300, inclusive

Defendants.

CASE NO. GIN057015

Complaint Filed:

I/C JUDGE:
DEPT:

**COMPLAINT FOR DAMAGES:**

(1) NONPAYMENT OF WAGES;
(2) BREACH OF EMPLOYMENT; CONTRACT
(3) BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING;
(4) NEGLIGENCE;
(5) NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS;
(6) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;
(7) FRAUD OR DECEIT-INTENTIONAL MISREPRESENTATION;
(8) FRAUD OR DECEIT-NEGLIGENT MISREPRESENTATION;
(9) FRAUD AND DECEIT - CIVIL CONSPIRACY
(10) UNFAIR AND UNLAWFUL BUSINESS PRACTICES - B&P § 17200;
(11) AN ACCOUNTING

COMES NOW, Plaintiffs MARSHALL KENNY, DUSAN POPOVIC, and JEFFREY QUADE herein allege as follows:

## GENERAL ALLEGATIONS

1. Venue is proper in this Court because the employment of all Plaintiffs upon which this complaint is based and the conduct complained of, were, respectively, entered into and occurred in part in San Diego County.

2. Plaintiff MARSHALL KENNY (hereinafter KENNY) at all times relevant herein and during his employment with Defendants was a resident of the County of San Diego, State of California, during his employment with Defendants.

3. Plantiff DUSAN POPOVIC (hereinafter POPOVIC) during his employment at North County Ford, was a resident of the County of San Diego, State of California and was employed in the County of San Diego, State of California.

4. Plaintiff JEFFREY QUADE (hereinafter QUADE) at all times relevant herein, was a resident of the County of San Diego, State of California and was employed in the County of San Diego, State of California.

5. Plaintiffs are informed and believe and thereon allege that at all times relevant herein, Defendant NORTH COUNTY FORD, INC. (hereinafter Defendant FORD) was and is a corporation organized under the State of California and was and is licensed to do business and is doing business in the County of San Diego, State of California.

6. Plaintiffs are informed and believe and thereon allege that at all time relevant herein, Defendant THE AUTOMOTIVE GROUP, INC. (hereinafter Defendant TAG) was and is a corporation organized under the State of California and was and is licensed to do business and is doing business in the County of San Diego, State of California.

7. Plaintiffs are informed and believe and thereon allege that at all time relevant herein, Defendant LAKE ELSINORE FORD, INC. (hereinafter Defendant LEF) was and is a corporation organized under the State of California and was and is licensed to do business and is doing business in the County of Riverside, State of California.

QUADE & ASSOCIATES
11230 Sorrento Valley Road, Suite 225
San Diego, California 92121
(858) 642-1700
Fax (858) 642-1778

8. Plaintiffs are informed and believe and thereon allege that at all times relevant herein, Defendant JAMES E. CROWLEY (hereinafter Defendant J. CROWLEY), is an owner/director of each of the Defendant Corporations. Plaintiff's are informed and believe and thereon allege that at all times relevant herein, Defendant CROWLEY was and is an individual residing within the County of San Diego, State of California.

9. Plaintiffs are informed and believe and thereon allege that at all times relevant herein, Defendant JOSEPH R. WEIR (hereinafter Defendant WEIR), is an owner/director of each of the Defendant Corporations. Plaintiffs are informed and believe and thereon allege that at all times relevant herein, Defendant WEIR was and is an individual residing and/or employed within the County of San Diego, State of California.

10. Plaintiffs are informed and believe and thereon allege that during all times relevant herein, Defendant SCOTT CROWLEY (hereinafter Defendant SCOTT), was and is an owner/director of some or all of the Defendant Corporations. Plaintiffs are informed and believe and thereon allege that at all times relevant herein, Defendant SCOTT was and is an individual residing and/or employed within the County of San Diego, State of California.

11. Plaintiffs are informed and believe and thereon allege that during all times relevant herein, Defendant SEAN CROWLEY (hereinafter Defendant SEAN), was and is an owner/director of some or all of the Defendant Corporations. Plaintiffs are informed and believe and thereon allege that at all times relevant herein, Defendant SEAN was and is an individual residing and/or employed within the County of San Diego, State of California.

12. Plaintiffs are informed and believe and thereon allege that during all times relevant herein, Defendant MICHAEL KOSAKOWSKI (hereinafter Defendant KOSAKOWSKI), was and is an owner/director of some or all of the Defendant Corporations. Plaintiffs are informed and believe and thereon allege that at all times relevant herein, Defendant KOSAKOWSKI was and is an individual residing and/or employed within the County of San Diego, State of California.

13. Plaintiffs are informed and believe and thereon allege that during all times relevant herein, Defendant JEFF FRIEDSTEDT (hereinafter Defendant FRIEDSTEDT), was and is an owner/director of some or all of the Defendant Corporations. Plaintiffs are informed and believe and

QUADE & ASSOCIATES
11230 Sorrento Valley Road, Suite 225
San Diego, California 92121
(858) 642-1760
Fax (858) 642-1778

thereon allege that at all times relevant herein, Defendant FRIEDSTEDT was and is an individual residing and/or employed within the County of San Diego, State of California.

14. Plaintiffs are unaware of the true names or capacities of DOE defendants 1 through 1300, inclusive, and therefore sues such defendants by such fictitious names pursuant to California *Code of Civil Procedure* § 474. Plaintiffs are informed and believe, and on that basis allege that each of the defendants designated herein as a DOE is in some manner responsible for, and contributed to, the acts, injuries, and damages alleged below. Plaintiffs will seek leave of this Court to amend this complaint to assert the true names and capacities of these defendants when the same has been ascertained.

15. The defendants named herein including DOES 1 through 1300, inclusive, are hereinafter collectively referred to herein as "Defendants."

16. Plaintiffs are informed and believe, and on that basis allege, that at all times mentioned herein, Defendants, and each of them, were agents, servants, general partners, joint venturers, and/or employees of each of the other Defendants, and in doing the things herein alleged, were acting within the course and scope of their employment and/or agency, thereby rendering each Defendant legally responsible for the acts, omissions, breaches and other conduct of each remaining Defendant.

17. Plaintiffs are informed and believe and on that basis allege that Defendants, including DOES, have knowledge of the acts and omissions more further described herein either by direct knowledge or by acquiescing to information known to be erroneous.

18. As a direct and proximate result of Defendants' conduct as more fully set forth herein, Plaintiffs have suffered damages exceeding the jurisdiction minimum of this Court.

19. Plaintiffs name said Defendants herein, and each of them, because Plaintiffs are in doubt and do not know exactly from which of the said Defendants Plaintiffs are entitled to redress in light of the fact that the injuries and damages to Plaintiffs herein alleged were caused by the combined negligence, acts or omissions of all of the Defendants, or one or more of them. For that reason, Plaintiffs name all of the said Defendants, and asks that the Court determine the liability of each and all of the said Defendants in this action and to what extent and what responsibility falls upon each of

QUADE & ASSOCIATES
11230 Sorrento Valley Road, Suite 225
San Diego, California 92121
(858) 642-1700
Fax (858) 642-1778

said Defendants, and that the Court award judgment to Plaintiffs as against such or all Defendants, either jointly or separately, as may be found liable.

**FACTUAL ALLEGATIONS**

20. Plaintiffs incorporate herein by reference each and every preceding paragraph as though set forth fully herein.

21. Plaintiffs are informed and believe and thereon make the following factual allegations:

22. At all relevant times mentioned herein, Defendants have operated, owned, or been affiliated with numerous automobile dealerships and related companies throughout the California.

23. Plaintiffs are informed and believe and thereon allege that Defendant TAG is related to numerous automobile dealerships, including but not limited to Defendant FORD and Defendant LEF. Plaintiffs are informed and believe and thereon allege that TAG shares personal, management, funding, profits and ownership and has been used to assist in perpetuating the frauds more fully described herein.

24. Plaintiffs are informed and believe and thereon allege that J. CROWLEY, WEIR, FRIEDSTEDT, SEAN CROWLEY, SCOTT CROWLEY, and KOSAKOWSKI are owners and/or directors and/or board members and/or individuals who direct and create the policies and procedures of FORD.

25. Plaintiff KENNY was employed at the FORD dealership as a Sales Manager from approximately October 1995 until 2006.

26. Plaintiff QUADE was employed at the FORD dealership as a Sales Manager from approximately May 2001 until July 2006. Prior to that, Plaintiff QUADE was employed at LEF as a Sales Manager.

27. Plaintiff POPOVIC was employed at the FORD dealership from approximately June 2001 to April of 2005.

28. Plaintiffs are informed and believe and thereon allege that as employees, they are in a special relationship with their employers.

///

///

QUADE & ASSOCIATES
11230 Sorrento Valley Road, Suite 225
San Diego, California 92121
(858) 642-1700
Fax (858) 642-1778

**DEFRAUDING OF EMPLOYEES**

29. Plaintiffs are informed and believe and thereon allege that Plaintiffs were commission based employees subject to earned wages pursuant to a contract for pay. This contract outlined pay for the Sales Manager position. These contracts were amended from time to time at the discretion of FORD. A separate contract also sets forth the pay and commissions for non-manager sales personnel.

30. Plaintiffs are informed and believe and thereon allege that other, earlier-dated contracts for pay related to the Sales Manager position may also relate to the allegations herein.

31. Plaintiffs are informed and believe and thereon allege that Plaintiffs were paid some portion of their respective wages in some fashion.

32. Plaintiffs are informed and believe and thereon allege that, as employees of FORD, Plaintiffs received THE AUTOMOTIVE GROUP Employee Handbook.

33. Plaintiffs are informed and believe and thereon allege that in approximately 2001, Defendants began practicing a form of thievery by grossly defrauding Plaintiffs, and all its commission based employees, by over-"packing" their used vehicles in an effort to decrease commission payments to its sales team.

34. Plaintiffs are informed and believe and thereon allege that this fraudulent policy and practice continues to date.

35. Plaintiffs are informed and believe and thereon allege that typically, Defendants would purchase a used vehicle, under blue book value. This practice is common in the used vehicle industry. A charge, known as a pack, (or internal mark-ups) is then added to the price of the vehicle. This practice, if not abusive or over reaching, gives allowance for a portion of dealership's overhead and is normally passed through to commission-based employees upon the sale of the used vehicles and/or helps defray the costs of overhead and/or reconditioning work.

36. Plaintiffs are informed and believe and thereon allege that a "pack", as defined by industry standard, is a reasonable amount deducted from each used vehicle to help cover overhead costs of the car when formulating commissions.

///

///

QUADE & ASSOCIATES
11230 Sorrento Valley Road, Suite 225
San Diego, California 92121
(858) 642-1700
Fax (858) 642-1778

37. Plaintiffs are informed and believe and thereon allege that in one, more recently dated contract, Plaintiffs were told, via their pay plan that a "the dealership will, from time to time, add an internal mark-up or (pack) on certain items sold by the F&I department. This mark-up is non commissionable, nor a refundable item." This explanation was incorporated into a later contract, long after the packs had been used to diminish Plaintiffs' commissions.

38. Plaintiffs are informed and believe and thereon allege that no other identification of any aspect of a pack was disclosed or agreed to by any commissionee/employee.

39. Plaintiffs are informed and believe and thereon allege that in the first few years of employment, the pack was approximately $361.00 and without the gross charge backs, described in more detail herein.

40. Plaintiffs are informed and believe and thereon allege that in recent years, Defendants have made a practice of purchasing newer low mileage used vehicles, under factory warranties (i.e. 3 year/36,000 miles) for thousands of dollar under blue book value. Defendants then improperly and fraudulently added an average of $2,000.00, or more, in miscellaneous charges to the cost of the vehicle and called them "packs".

41. Plaintiffs are informed and believe and thereon allege that the charges associated with these packs are grossly greater than packs typical of the industry. Defendants' packs include but are not limited to charges for alleged costs that they called:

- certification and reconditioning costs
- locally installed equipment or accessories
- payroll
- warranty costs
- charges for TAG Motorsport equipment/upgrades
- built in used car "packs"
- house "packs" (which reflects monies related to the costs incurred by the Dealership for particular vehicles)
- invoice adjustment
- buy fees

QUADE & ASSOCIATES
11230 Sorrento Valley Road, Suite 225
San Diego, California 92121
(858) 642-1700
Fax (858) 642-1778

- transportation
- advertising
- HazMat fees

42. Without Plaintiffs knowledge these packs were added to the calculation of commissions owed to sales associates and managers. Since then, Defendants misrepresented and/or covered up what "charge backs" to include but are not limited to reconditioning, warranty costs, payroll costs, and even the used car pack, would total and how it would severely decrease the commission portion of salary to commission-based employees.

43. Plaintiffs are informed and believe and thereon allege that these packs blatantly misrepresent any work actually done to the purchased used vehicles under factory warranty or any actual cost of sale but were added for the purpose of reducing any commissions owed to Defendants commission based employees.

44. Plaintiffs are informed and believe and thereon allege that Defendants have a pattern and practice of fraudulently charging reconditioning costs against the commission based employees wages for work that was never completed and/or work that was reimbursed by the vehicles warranty or extended warranty company.

45. Plaintiffs relied upon these misrepresentations to their detriment and were not paid compensation monies due.

46. Plaintiffs are informed and believe and thereon allege that the actions mentioned herein were performed by agents and employees of Defendants, acting within the scope of their employment and with Defendants permission and consent.

47. Plaintiffs are informed and believe and thereon allege that Defendants caused foregoing to occur by creating unethical/illegal policies and procedures and thereafter following or directing others to follow the unethical/illegal policies and procedures which they created.

48. Plaintiffs are informed and believe and thereon allege Defendants permitted the foregoing to be perpetuated by various employees including but not limited to, accounting staff persons and service department technicians.

QUADE & ASSOCIATES
11230 Sorrento Valley Road, Suite 225
San Diego, California 92121
(858) 642-1700
Fax (858) 642-1778

49. Plaintiffs are informed and believe and thereon allege that at all times relevant herein, Plaintiffs were performing the duties assigned to them in a satisfactory manner.

50. Plaintiffs are informed and believe and thereon allege that Defendants have engaged in other deceptive practices which may become known during discovery. Plaintiffs reserve the right to seek leave of the Court to amend this complaint to conform to proof and/or add additional allegations upon discovery.

**FIRST CAUSE OF ACTION**

**Nonpayment of Wages**

**(As to Defendants North County Ford Inc., The Automotive Group Inc., Lake Elsinore Ford Inc. and DOES 1 through 300, inclusive, and each of them)**

51. Plaintiffs incorporate herein by reference each and every preceding paragraph as though set forth fully herein.

52. During the course of Plaintiffs' employment, Plaintiffs became entitled to certain commissions, which are Plaintiffs' wages pursuant to California law (See *Labor Code* § 200).

53. At all times relevant hereto, Plaintiffs were entitled to commission for automobile sales at FORD, TAG and/or LEF and Does 1-300. However, despite the fact that Plaintiffs are entitled to those commissions - i.e., to payment of their wages - Defendants and Does 1-300 have refused and continue to refuse to pay Plaintiffs their wages, in violation of California *Labor Code* § 201.

54. Specifically, the "Sales Managers" at FORD, TAG and/or LEF and Does 1-300, including but not limited to Plaintiffs QUADE and KENNY, entered into an agreement with Defendants and Does 1-300 whereby Plaintiffs would earn a commission of "1.4% of the total gross for the New and Used Vehicle departments represented on ADP MIS #19 report less new and used policy minus the total gross for fleet, FIN and fleettail as represented on the Advent #42 report." Plaintiffs reserve the right to amend this complaint upon discovery of the pertinent contracts.

55. Plaintiffs are informed and believe and thereon allege that "Sales Associates," including but not limited to POPVIC also had a contract for commissions to be paid on each car that they sold. This commission was set at a different basis than that of "Sales Managers." Plaintiffs reserve the right to amend this complaint upon discovery of the pertinent contracts.

QUADE & ASSOCIATES
11230 Sorrento Valley Road, Suite 725
San Diego, California 92121
(858) 642-1700
Fax (858) 642-1778

56. Plaintiffs are informed and believe and thereon allege that Defendants and Does 1-300 have failed to and refused to pay wages and commissions due to Plaintiffs under their contract and owed for sales procured. Rather, Defendants and Does 1-300 have engaged in "creative" and improper accounting practices as set forth above, resulting in alleged diminution of profits, all intended either to minimize the commission earned, or at least, having improper and unlawful effect of making Plaintiffs the guarantors of Defendants' and Does 1-300 business losses.

57. Plaintiffs are informed and believe and thereon allege that Defendants and Does 1-300 have repudiated Plaintiffs' entitlement to commissions.

58. Plaintiffs are informed and believe and thereon allege that Defendants and Does 1-300 have failed to and refused to pay said commissions or to render any accountings to Plaintiffs. The total amount of wages due is estimated to be approximately $200,000.00 per plaintiff. This total does not include statutory interest or penalties to which Plaintiffs are entitled.

59. Plaintiffs have demanded payment of said wages; however, Defendants and Does 1-300 have refused and continue to refuse to pay Plaintiffs the amount due and owing Plaintiffs. Plaintiffs are entitled to declaratory relief relative to entitlement of said commissions, to injunctive relief pursuant to *Labor Code* § 1194.5 to prohibit the Defendants and Does 1-300 from any continued refusal to render appropriate payments and accountings, to restitution of sums improperly retained, as well as to all unpaid commissions earned to date, together with interest thereon.

60. Plaintiffs are informed and believe and thereon allege that Defendants' and Does 1-300 failure to pay Plaintiffs the wages due and owing is willful in that Plaintiffs have made a written demand for this payment but Defendants and Does 1-300 have refused to pay any portion of the amount due and owing Plaintiffs.

61. Plaintiffs are informed and believe and thereon allege that Defendants' and Does 1-300 willful failure to pay Plaintiffs the wages due and owing constitutes a violation of California *Labor Code* § 203 which provides that an employee's wages will continue as a penalty, until paid, for up to 30 days from the time the wages were due, in an amount to be determined according to proof.

///

///

QUADE & ASSOCIATES
11230 Sorrento Valley Road, Suite 225
San Diego, California 92121
(858) 642-1700
Fax (858) 642-1778

62. Pursuant to *Labor Code* § 218.5, Plaintiffs request that this Court award Plaintiffs reasonable attorney fees and costs incurred by Plaintiffs in this action for recovering these unpaid wages..

63. As a direct and proximate result of defendants failure to pay Plaintiffs their proper wages, Plaintiffs have suffered and continue to suffer substantial losses in earnings, bonuses, deferred compensation and other employment benefits in an amount subject to proof at the time of trial, which Plaintiffs claim as damages. Plaintiffs, therefore, will seek leave of Court to amend this Complaint when such sums can be reasonably ascertained, or will offer proof of same at the time of trial.

64. As a direct and proximate result of defendants and Does 1-300 violations, Plaintiffs have also suffered general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial. Plaintiffs, therefore, will seek leave of Court to amend this Complaint when such sums can be reasonably ascertained, or will offer proof of same at the time of trial.

65. In addition, Plaintiffs have suffered serious physical and psychological pain as a direct and proximate result of defendants actions. Said injuries caused, and will continue to cause Plaintiffs great physical and mental pain and suffering for which various medical and related costs will be incurred. Plaintiffs seek such amount as damages. Plaintiffs, therefore, will seek leave of Court to amend this Complaint when such sums can be reasonably ascertained, or will offer proof of same at the time of trial.

66. Plaintiffs claim the aforementioned damages together with pre-judgment interest pursuant to *Civil Code* § 3287 and/or any other provision of law providing for pre-judgment interest.

**SECOND CAUSE OF ACTION**

**Breach of Employment Contract**

**(As to Defendants North County Ford Inc., The Automotive Group Inc., Lake Elsinore Ford Inc. and DOES 1 through 300, inclusive, and each of them)**

67. Plaintiffs incorporate herein by reference each and every preceding paragraph as though set forth fully herein.

///

///

QUADE & ASSOCIATES
11230 Sorrento Valley Road, Suite 223
San Diego, California 92121
(858) 642-1700
Fax (858) 642-1778

68. Plaintiffs are informed and believe and thereon allege that Plaintiffs and Defendants and Does 1-300 had express contract(s) for pay by which Defendants and Does 1-300 agreed to pay Plaintiffs certain commissions in exchange for Plaintiffs' employment as Sales Managers and/or Sales Associates.

69. Specifically, the "Sales Managers" at FORD, TAG and/or LEF and Does 1-300, including but not limited to Plaintiffs QUADE and KENNY, entered into an agreement with Defendants and Does 1-300 whereby Plaintiffs would earn a commission of "1.4% of the total gross for the New and Used Vehicle departments represented on ADP MIS #19 report less new and used policy minus the total gross for fleet, FIN and fleettail as represented on the Advent #42 report." Plaintiffs reserve the right to amend this complaint upon discovery of the pertinent contracts.

70. Plaintiffs are informed and believe and thereon allege that "Sales Associates," including but not limited to Plaintiff POPVIC also had a contract for commissions to be paid on each car that they sold. This commission was set at a different basis than that of "Sales Managers." Plaintiffs reserve the right to amend this complaint upon discovery of the pertinent contracts.

71. Plaintiffs are informed and believe and thereon allege that Plaintiffs performed all or substantially performed all of the terms, covenants and conditions required of them.

72. Plaintiffs are informed and believe and thereon allege that Defendants and Does 1-300 breached their contract with Plaintiffs by failing to pay Plaintiffs the rightful commissions earned under their contract and fraudulently over-"packing" their used vehicles in an effort to decrease commission payments to its sales team. As such, Defendants and Does 1-300 have refused to allow Plaintiffs the benefits of the contract and Defendants and Does 1-300 have failed to perform under the contract in an agreed upon manner.

73. As a direct and proximate result of Defendants and Does 1-300 breach of employment contract, Plaintiffs have suffered and continue to suffer substantial losses in earnings, bonuses, deferred compensation and other employment benefits in an amount subject to proof at the time of trial, which Plaintiffs claim as damages. Plaintiffs, therefore, will seek leave of Court to amend this Complaint when such sums can be reasonably ascertained, or will offer proof of same at the time of trial.

QUADE & ASSOCIATES
11230 Sorrento Valley Road, Suite 225
San Diego, California 92121
(858) 642-1700
Fax (858) 642-1778

74. As a direct and proximate result of Defendants and Does 1-300 violations, Plaintiffs have also suffered general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial. Plaintiffs, therefore, will seek leave of Court to amend this Complaint when such sums can be reasonably ascertained, or will offer proof of same at the time of trial.

75. In addition, Plaintiffs have suffered serious physical and psychological pain as a direct and proximate result of Defendants' and Does 1-300 actions. Said injuries caused, and will continue to cause Plaintiffs great physical and mental pain and suffering for which various medical and related costs will be incurred. Plaintiffs seek such amount as damages. Plaintiffs, therefore, will seek leave of Court to amend this Complaint when such sums can be reasonably ascertained, or will offer proof of same at the time of trial.

76. Plaintiffs are informed and believe and thereon allege that as a further direct and proximate result of the breach of contract of Defendants and Does 1-300, Plaintiffs have incurred and continue to incur costs and expenses including but not limited to, litigation costs, attorneys' fees, and other damages arising out of the breach of contract, as alleged herein.

77. Plaintiffs claim the aforementioned damages together with pre-judgment interest pursuant to *Civil Code* § 3287 and/or any other provision of law providing for pre-judgment interest.

**THIRD CAUSE OF ACTION**

**Breach of Covenant of Good Faith Fair Dealing**

**(As to all Defendants and DOES 1 through 600, inclusive, and each of them)**

78. Plaintiffs incorporate herein by reference each and every preceding paragraph as though set forth fully herein.

79. Plaintiffs are informed and believe and thereon allege that Plaintiffs and Defendants and Does 1-600 had express contract(s) for pay by which Defendants and Does 1-600 agreed to pay Plaintiffs certain commissions in exchange for Plaintiffs' employment as Sales Managers and/or Sales Associates.

80. Plaintiffs are informed and believe and thereon allege that Plaintiffs performed all or substantially performed all of the terms, covenants and conditions required.

QUADE & ASSOCIATES
11230 Sorrento Valley Road, Suite 225
San Diego, California 92121
(858) 642-1700
Fax (858) 642-1778

81. Plaintiffs are informed and believe and thereon allege that said contract(s) contained an implied covenant of good faith and fair dealing by which Defendants and Does 1-600 promised to give full cooperation to Plaintiffs and their performance under said contract(s). Defendants and Does 1-600 would refrain from doing any act that would prevent or impede Plaintiffs from performing all the conditions of the contract to be performed by Plaintiffs, or any act that would prevent or impede them enjoyment of the fruits of said contract(s). Specifically, said covenant of good faith and fair dealing required Defendants and Does 1-600 to fairly, honestly and reasonably perform the terms and conditions of the express agreement.

82. Plaintiffs, with no legal representation and/or experience in making contracts such as the one(s) alleged herein, were in an inherently unequal bargaining position in dealing with Defendants and Does 1-600. In addition, once Plaintiffs committed themselves to the above-stated contract(s), and took the reasonable actions alleged herein in reliance, Plaintiffs were placed in a particularly vulnerable position because they had given up other job openings and employment opportunities in their field. They had entrusted their entire livelihood to Defendants' and Does 1-600 willingness to perform their obligations under the contract(s), and risked suffering great harm if Defendants and Does 1-600 failed to perform. Defendants and Does 1-600 were aware of Plaintiffs' vulnerability in this regard.

83. Plaintiffs are informed and believe and thereon allege that Defendants and Does 1-600 breached their express contract(s) with Plaintiffs without conducting any reasonable investigations concerning its obligations under said contract, without good or sufficient cause, for reasons extraneous to the contract, and for the purpose of frustrating Plaintiffs' enjoyment of the benefits of the contract(s). Specifically, Defendants and Does 1-600 acts in allowing and perpetrating the fraudulent over-charging scheme deprived Plaintiffs of income due under the express contract(s). Accordingly, Defendants and Does 1-600 breached the implied duty of good faith and fair dealing.

84. As a direct and proximate result of Defendants' and Does 1-600 breach of the covenant of good faith and fair dealing, Plaintiffs have suffered and continue to suffer substantial losses in earnings, bonuses, deferred compensation and other employment benefits in an amount subject to proof at the time of trial, which Plaintiffs claim as damages. Plaintiffs, therefore, will seek leave of

QUADE & ASSOCIATES
11230 Sorrento Valley Road, Suite 225
San Diego, California 92121
(858) 642-1700
Fax (858) 642-1778

Court to amend this Complaint when such sums can be reasonably ascertained, or will offer proof of same at the time of trial.

85. As a direct and proximate result of Defendants' and Does 1-600 violations, Plaintiffs have also suffered and will continue to suffer general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial. Plaintiffs, therefore, will seek leave of Court to amend this Complaint when such sums can be reasonably ascertained, or will offer proof of same at the time of trial.

86. In addition, Plaintiffs have suffered serious physical and psychological pain as a direct and proximate result of Defendants and Does 1-600 actions. Said injuries caused, and will continue to cause Plaintiffs great physical and mental pain and suffering for which various medical and related costs will be incurred. Plaintiffs seek such amount as damages. Plaintiffs, therefore, will seek leave of Court to amend this Complaint when such sums can be reasonably ascertained, or will offer proof of same at the time of trial.

87. Plaintiffs are informed and believe and thereon allege that as a further direct and proximate result of Defendants and Does 1-600 acts or omissions, Plaintiffs have incurred and continue to incur costs and expenses including but not limited to, litigation costs, attorneys' fees, and other damages arising out of the breach of the covenant of good faith and fair dealing, as alleged herein.

88. Plaintiffs claim the aforementioned damages together with pre-judgment interest pursuant to *Civil Code* § 3287 and/or any other provision of law providing for pre-judgment interest.

**FOURTH CAUSE OF ACTION**

**Negligence**

**(As to all Defendants and DOES 1 through 1300, inclusive, and each of them)**

89. Plaintiffs incorporate herein by reference each and every preceding paragraph as though set forth fully herein.

90. Plaintiffs are informed and believe and thereon allege that as employers, Defendants and Does 1-1300 had a duty to Plaintiffs to provide an ethical, legal and professional work environment.

QUADE & ASSOCIATES
11230 Sorrento Valley Road, Suite 223
San Diego, California 92121
(858) 642-1700
Fax (858) 642-1778

91. Plaintiffs are informed and believe and thereon allege that as employers, Defendants and Does 1-1300 had a duty to pay rightfully earned commissions as set forth in job descriptions and employee manuals.

92. Plaintiffs are informed and believe and thereon allege that Defendants and Does 1-1300 breached their duty of care to Plaintiffs by negligently, carelessly and wrongfully performing acts or omissions which include but are not limited to, non-payment of earned commissions; misrepresenting commission calculations and the amount of "charge-backs" that would be taken out of said commission payments; not providing a truthful description of the charge-back to be taken out of Plaintiffs' commission payments; attempting to conceal fraudulent "charge-backs" by assigning fictitious reconditioning costs; concealing reconditioning costs covered by warranties; engaging in questionable accounting practices; and engaging in the fraudulent transfer of assets.

93. Plaintiffs are informed and believe and thereon allege that Defendants and Does 1-1300 further breached their duty to Plaintiffs by negligently, carelessly and wrongfully permitting and/or tolerating via its employees and/or agents, a sexually-suggestive website that contributed to the creation of a hostile work environment.

94. As a direct and proximate result of Defendants' and Does 1-1300 negligence, Plaintiffs have suffered and continue to suffer substantial losses in earnings, bonuses, deferred compensation and other employment benefits in an amount subject to proof at the time of trial, which Plaintiffs claim as damages. Plaintiffs, therefore, will seek leave of Court to amend this Complaint when such sums can be reasonably ascertained, or will offer proof of same at the time of trial.

95. As a direct and proximate result of Defendants' and Does 1-1300 violations, Plaintiffs have also suffered general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial. Plaintiffs, therefore, will seek leave of Court to amend this Complaint when such sums can be reasonably ascertained, or will offer proof of same at the time of trial.

96. In addition, Plaintiffs have suffered serious physical and psychological pain as a direct and proximate result of Defendants' and Does 1-1300 actions. Said injuries caused, and will continue to cause, Plaintiffs great physical and mental pain and suffering for which various medical and related costs will be incurred. Plaintiffs seek such amount as damages. Plaintiffs, therefore, will seek leave

QUADE & ASSOCIATES
11230 Sorrento Valley Road, Suite 225
San Diego, California 92121
(858) 642-1700
Fax (858) 642-1778

of Court to amend this Complaint when such sums can be reasonably ascertained, or will offer proof of same at the time of trial.

97. Plaintiffs are informed and believe and thereon allege that as a further direct and proximate result of Defendants and Does 1-1300 acts or omissions, Plaintiffs have incurred and continue to incur costs and expenses including but not limited to, litigation costs, attorneys' fees, and other damages arising out of the negligence of Defendants and Does 1-1300, as alleged herein.

98. Plaintiffs claim the aforementioned damages together with pre-judgment interest pursuant to *Civil Code* § 3287 and/or any other provision of law providing for pre-judgment interest.

**FIFTH CAUSE OF ACTION**

**Negligent Infliction of Emotional Distress**

**(As to all Defendants and DOES 1 through 1300, inclusive, and each of them)**

99. Plaintiffs incorporate herein by reference each and every preceding paragraph as though set forth fully herein.

100. Plaintiffs are informed and believe and thereon allege that Defendants and Does 1-1300 breached their duty of care to Plaintiffs by negligently, carelessly and wrongfully performing acts/omissions which include but are not limited to, non-payment of earned commissions; misrepresenting commission calculations and the amount of "charge-backs" that would be taken out of said commission payments; not providing a truthful or complete description of the charge-back to be taken out of Plaintiffs' commission payments; attempting to conceal fraudulent "charge-backs" by assigning fictitious reconditioning costs; concealing reconditioning costs covered by warranties; engaging in questionable accounting practices; and engaging in the fraudulent transfer of assets.

101. Plaintiffs are informed and believe and thereon allege that Defendants and Does 1-1300 further breached their duty to Plaintiffs by negligently, carelessly and wrongfully permitting and/or tolerating via its employees and/or agents a sexually-suggestive website that contributed to the creation of a hostile work environment.

///

///

QUADE & ASSOCIATES
11230 Sorrento Valley Road, Suite 225
San Diego, California 92121
(858) 642-1700
Fax (858) 642-1778

102. Plaintiffs are informed and believe and thereon allege that Defendants and Does 1-1300 knew or should have known that they, due to their negligent acts and due to their failure to exercise reasonable care and diligence to avoid loss and to minimize and mitigate damages, Plaintiffs were damaged.

103. Plaintiffs have suffered, and will continue to suffer, additional severe psychological and physical harm and emotional distress including but not limited to suffering, anguish, fright, horror, nervousness, grief, anxiety, worry shock, humiliation, and shame as result of the conduct alleged herein. This distress is of such a degree that Plaintiffs are unable to cope with same. Furthermore, an ordinary, reasonable person would also be unable to cope with this degree of distress.

104. Plaintiffs reaction to each of Defendants' and Does 1-1300 conduct was at all times reasonable.

105. Plaintiffs are informed and believes and thereon allege that Defendants' and Does 1-1300 conduct was a substantial factor in causing Plaintiffs' severe emotional and physical distress. As a direct and legal result of Defendants' and Does 1-1300 actions, Plaintiffs have suffered serious physical and psychological injuries which have caused, and continue to cause, Plaintiffs to suffer serious physical and psychological pain.

106. Plaintiffs are informed and believes and thereon allege that Defendants' and Does 1-1300 conduct has caused Plaintiffs and will continue to cause Plaintiffs, great physical and mental pain and suffering, medical expenses, a loss of earnings and benefits, and damages as otherwise alleged herein. Plaintiffs will seek leave from the Court to amend his Complaint to include the correct amount when ascertained, or to prove said amount at the time of trial.

107. As a direct and proximate result of Defendants' and Does 1-1300 negligent conduct, Plaintiffs have suffered and continue to suffer substantial losses in earnings, bonuses, deferred compensation and other employment benefits in an amount subject to proof at the time of trial, which Plaintiffs claim as damages. Plaintiffs, therefore, will seek leave of Court to amend this Complaint when such sums can be reasonably ascertained, or will offer proof of same at the time of trial.

///

///

QUADE & ASSOCIATES
11230 Sorrento Valley Road, Suite 225
San Diego, California 92121
(858) 642-1700
Fax (858) 642-1778

108. As a direct and proximate result of Defendants' and Does 1-1300 violations, Plaintiffs have also suffered general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial. Plaintiffs, therefore, will seek leave of Court to amend this Complaint when such sums can be reasonably ascertained, or will offer proof of same at the time of trial.

109. Plaintiffs are informed and believe and thereon allege that as a further direct and proximate result of Defendants and Does 1-1300 negligence, Plaintiffs have incurred and continue to incur costs and expenses including but not limited to, litigation costs, attorneys' fees, and other damages arising out of the negligence of Defendants and Does 1-1300, as alleged herein.

110. Plaintiffs claim the aforementioned damages together with pre-judgment interest pursuant to *Civil Code* § 3287 and/or any other provision of law providing for pre-judgment interest.

**SIXTH CAUSE OF ACTION**

**Intentional Infliction of Emotional Distress**

**(As to all Defendants and DOES 1 through 1300, inclusive, and each of them)**

111. Plaintiffs incorporate herein by reference each and every preceding paragraph as though set forth fully herein.

112. Plaintiffs are informed and believe and thereon allege that Defendants and Does 1-1300 have intentionally with malice and/or recklessly committed acts/omissions, which include but are not limited to, non-payment of earned commissions; misrepresenting commission calculations and the amount of "charge-backs" that would be taken out of said commission payments; not providing a truthful or complete description of the charge-back to be taken out of Plaintiffs' commission payments; attempting to conceal fraudulent "charge-backs" by assigning fictitious reconditioning costs; concealing reconditioning costs covered by warranties; engaging in questionable accounting practices; and engaging in the fraudulent transfer of assets.

113. Plaintiffs are informed and believe and thereon allege that Defendants and Does 1-1300 have intentionally with malice and/or recklessly permitted and/or tolerated via its employees and/or agents have displayed a sexually-suggestive website that contributed to the creation of a hostile work environment.

QUADE & ASSOCIATES
11230 Sorrento Valley Road, Suite 225
San Diego, California 92121
(858) 642-1700
Fax (858) 642-1778

114. Plaintiffs are informed and believe and thereon allege that Defendants' and Does 1-1300 conduct, as more fully laid herein, was extreme, outrageous and unprivileged and done for the purpose of causing mental anguish and emotional distress.

115. Plaintiffs are informed and believe and thereon allege that Defendants and Does 1-1300 acted with reckless disregard of the probability that Plaintiffs would suffer emotional distress, knowing that Plaintiffs were present when the aforementioned conduct occurred.

116. Plaintiffs are informed and believe and thereon allege that Defendants' and Does 1-1300 conduct was intentional,malicious, extreme and outrageous and done for the purpose of causing Plaintiffs to suffer humiliation, mental anguish, and emotional and physical distress. The defendant individuals' conduct, in confirming and ratifying the remaining Defendants and Does 1-1300, was done with knowledge that Plaintiffs' emotional and physical distress would thereby increase, and was done with wanton and reckless disregard of the consequences to Plaintiffs.

117. Plaintiffs have suffered, and will continue to suffer, additional severe psychological and physical harm and emotional distress including but not limited to suffering, anguish, fright, horror, nervousness, grief, anxiety, worry shock, humiliation, and shame as result of the conduct alleged herein. This distress is of such a degree that Plaintiffs are unable to cope with same. Furthermore, an ordinary, reasonable person would also be unable to cope with this degree of distress.

118. Plaintiffs' reaction to each of Defendants' and Does 1-1300 conduct was at all times reasonable.

119. Plaintiffs are informed and believe and thereon allege that Defendants' and Does 1-1300 conduct was a substantial factor in causing Plaintiffs' severe emotional and physical distress. As a direct and legal result of Defendants' and Does 1-1300 actions, Plaintiffs have suffered serious physical and psychological injuries which have caused, and continue to cause, Plaintiffs to suffer serious physical and psychological pain.

///

///

///

QUADE & ASSOCIATES
17230 Sorrento Valley Road, Suite 225
San Diego, California 92121
(858) 642-1700
Fax (858) 642-1778

120. Plaintiffs are informed and believe and thereon allege that Defendants' and Does 1-1300 conduct has caused Plaintiffs and will continue to cause Plaintiffs, great physical and mental pain and suffering, medical expenses, a loss of earnings and benefits, and damages as otherwise alleged herein. Plaintiffs will seek leave from the Court to amend his Complaint to include the correct amount when ascertained, or to prove said amount at the time of trial.

121. Plaintiffs further allege that the deliberate acts of Defendants and Does 1-1300, as alleged herein, were willfully executed with a conscious disregard for the rights of others and were intended to oppress and cause injury and, in fact, did oppress and cause injury to Plaintiffs. Plaintiffs are, therefore, entitled to an award of punitive damages in an amount sufficient to punish and make an example of Defendants and Does 1-1300 in an amount subject to proof at the time of trial. Plaintiffs, therefore, will seek leave of Court to amend this Complaint when such sums can be reasonably ascertained, or will offer proof of same at the time of trial.

122. As a direct and proximate result of Defendants' and Does 1-1300 intentional conduct, Plaintiffs have suffered and continue to suffer substantial losses in earnings, bonuses, deferred compensation and other employment benefits in an amount subject to proof at the time of trial, which Plaintiffs claim as damages. Plaintiffs, therefore, will seek leave of Court to amend this Complaint when such sums can be reasonably ascertained, or will offer proof of same at the time of trial.

123. As a direct and proximate result of Defendants and Does 1-1300 violations, Plaintiffs have also suffered general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial. Plaintiffs, therefore, will seek leave of Court to amend this Complaint when such sums can be reasonably ascertained, or will offer proof of same at the time of trial.

124. Plaintiffs are informed and believe and thereon allege that as a further direct and proximate result of the breach of contract of Defendants and Does 1-1300, Plaintiffs have incurred and continue to incur costs and expenses including but not limited to, litigation costs, attorneys' fees, and other damages arising out of the intentional conduct of Defendants, as alleged herein.

125. Plaintiffs claim the aforementioned damages together with pre-judgment interest pursuant to *Civil Code* § 3287 and/or any other provision of law providing for pre-judgment interest.

QUADE & ASSOCIATES
11230 Sorrento Valley Road, Suite 225
San Diego, California 92121
(858) 642-1700
Fax (858) 642-1778

SEVENTH CAUSE OF ACTION

**Fraud or Deceit- Intentional Misrepresentation**

**(As to all Defendants and DOES 1 through 1300, inclusive, and each of them)**

126. Plaintiffs incorporate herein by reference each and every preceding paragraph as though set forth fully herein.

127. Plaintiffs are informed and believe and thereon allege that Defendants and Does 1-1300 represented to Plaintiffs at the time they were employed by Defendants and in conversations with individual defendants thereafter that the following facts were true: that pursuant to Plaintiffs' employment, Defendants and Does 1-1300 were capable of and would pay commissions and/or bonuses to the sales associates and managers in a legal and ethical manner and that Defendants' and Does 1-1300 business practices were honest and uncompromising.

128. Plaintiffs are informed and believe and thereon allege that said representations were made both verbally and in writing.

129. Plaintiffs are informed and believe and thereon allege that said representations were material, and the time said representations were made by Defendants and Does 1-1300, said representations were in fact false. The true facts were that Defendants and Does 1-1300 were not willing to operate a legal and ethical business and to refrain from any and all forms of fraud against their employees, and in fact said Defendants and Does 1-1300 had no intention to do so. The representations were in fact false as Plaintiffs were not paid their rightfully earned commissions but rather, Defendants over-"packed" their used vehicles in an effort to decrease commission payments to its sales team as set forth more fully herein.

130. Plaintiffs are informed and believe and thereon allege that Defendants and Does 1-1300 knew the representations were false when they made them or that they made the representations recklessly and without regard for its truth, having been privy to information regarding the truth.

131. Plaintiffs are informed and believe and thereon allege that the conduct of Defendants and Does 1-1300 was intolerable. Defendants and Does 1-1300 abused their authority in relation to Plaintiffs when they misrepresented facts to Plaintiffs.

QUADE & ASSOCIATES
11230 Sorrento Valley Road, Suite 225
San Diego, California 92121
(858) 642-1700
Fax (858) 642-1778

132. Plaintiffs are informed and believe and thereon allege that the Defendants and Does 1-1300 knowingly and recklessly made the above material and false statements and representations without reasonable ground to believe such statements and representations were true and with the intent to have Plaintiffs rely thereon and to induce Plaintiffs to enter into the employment, and discontinue any and all efforts to seek substitute employment.

133. Plaintiffs, in fact, relied on these false representations in entering employment, continuing employment, and discontinuing any and all efforts to seek substitute employment. Had Plaintiffs known the true facts, they would not have entered into or remained in the employment relationship.

134. Plaintiffs reasonably relied on Defendants and Does 1-1300 representations as said representations came from entities and individuals Plaintiffs believe they could trust.

135. Plaintiffs are informed and believe and thereon allege that Defendants and Does 1-1300, in making false representations and in failing to disclose the falsity of their representations as set forth herein, intended to cause Plaintiffs harm.

136. Plaintiffs further allege that the deliberate acts of Defendants and Does 1-1300, as alleged herein, were willfully executed with a conscious disregard for the rights of others and were intended to oppress and cause injury and, in fact, did oppress and cause injury to Plaintiffs. Plaintiffs are, therefore, entitled to an award of punitive damages in an amount sufficient to punish and make an example of Defendants and Does 1-1300 in an amount subject to proof at the time of trial. Plaintiffs, therefore, will seek leave of Court to amend this Complaint when such sums can be reasonably ascertained, or will offer proof of same at the time of trial.

137. As a direct and proximate result of Defendants and Does 1-1300 intentional conduct, Plaintiffs have suffered and continue to suffer substantial losses in earnings, bonuses, deferred compensation and other employment benefits in an amount subject to proof at the time of trial, which Plaintiffs claim as damages. Plaintiffs, therefore, will seek leave of Court to amend this Complaint when such sums can be reasonably ascertained, or will offer proof of same at the time of trial.

///

///

QUADE & ASSOCIATES
11230 Sorrento Valley Road, Suite 225
San Diego, California 92121
(858) 642-1700
Fax (858) 642-1778

138. As a direct and proximate result of Defendants' and Does 1-1300 violations, Plaintiffs have also suffered general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial. Plaintiffs and Does 1-1300, therefore, will seek leave of Court to amend this Complaint when such sums can be reasonably ascertained, or will offer proof of same at the time of trial.

139. In addition, Plaintiffs have suffered serious physical and psychological pain as a direct and proximate result of Defendants and Does 1-1300 actions. Said injuries caused, and will continue to cause Plaintiffs great physical and mental pain and suffering for which various medical and related costs will be incurred. Plaintiffs seeks such amount as damages. Plaintiffs, therefore, will seek leave of Court to amend this Complaint when such sums can be reasonably ascertained, or will offer proof of same at the time of trial.

140. Plaintiffs are informed and believe and thereon allege that as a further direct and proximate result of the breach of contract of Defendants and Does 1-1300, Plaintiffs have incurred and continue to incur costs and expenses including but not limited to, litigation costs, attorneys' fees, and other damages arising out of the intentional conduct of Defendants and Does 1-1300, as alleged herein.

141. Plaintiffs claim the aforementioned damages together with pre-judgment interest pursuant to *Civil Code* § 3287 and/or any other provision of law providing for pre-judgment interest.

**EIGHTH CAUSE OF ACTION**

**Fraud or Deceit- Negligent Misrepresentation**

**(As to all Defendants and DOES 1 through 1300, inclusive, and each of them)**

142. Plaintiffs incorporate herein by reference each and every preceding paragraph as though set forth fully herein.

143. Plaintiffs are informed and believe and thereon allege that Defendants and Does 1-1300 represented to Plaintiffs at the time they were employed by Defendants and in conversations with individual defendants thereafter that the following facts were true: that pursuant to Plaintiffs' employment, Defendants and Does 1-1300 were capable of and would pay commissions and/or bonus to the sales associates and managers in a legal and ethical manner and that Defendants' and Does 1-1300 business practices were honest and uncompromising.

QUADE & ASSOCIATES
11230 Sorrento Valley Road, Suite 225
San Diego, California 92121
(858) 642-1700
Fax (858) 642-1778

144. Plaintiffs are informed and believe and thereon allege that said representations were made both verbally and in writing.

145. Plaintiffs are informed and believe and thereon allege that said representations were material, and the time said representations were made by said Defendants and Does 1-1300, said representations were in fact, false. The true facts were that Defendants and Does 1-1300 were not willing to operate a legal and ethical business and to refrain from any and all forms of fraud against their employees, and in fact said Defendants and Does 1-1300 had no intention to do so. The representations were in fact false, in that Plaintiffs were not paid their rightfully earned commissions but rather, Defendants and Does 1-1300 over-"packed" their used vehicles in an effort to decrease commission payments to its sales team as set forth more fully herein.

146. Plaintiffs are informed and believe and thereon allege that Defendants and Does 1-1300 knew or should have known the representations were false when they made them or that they had no reasonable grounds for believing the representations were true when they were made.

147. Plaintiffs are informed and believe and thereon allege that the conduct of Defendants was intolerable. Defendants and Does 1-1300 abused their authority in relation to Plaintiffs when they misrepresented material facts to Plaintiffs.

148. Plaintiffs are informed and believe and thereon allege that the Defendants and Does 1-1300 negligently made the above material and false statements and representations without reasonable ground to believe such statements and representations were true and with the intent to have Plaintiffs rely thereon and to induce Plaintiffs to enter into the employment contract, and discontinue any and all efforts to seek substitute employment.

149. Plaintiffs, in fact, relied on these false representations in entering employment, continuing employment, and discontinuing any and all efforts to seek substitute employment. Had Plaintiffs known the true facts, they would not have entered into the employment relationship.

150. Plaintiffs reasonably relied on Defendants' and Does 1-1300 representations as said representations came from entities and individuals Plaintiffs believed they could trust.

///

///

QUADE & ASSOCIATES
11210 Sorrento Valley Road, Suite 225
San Diego, California 92121
(858) 642-1700
Fax (858) 642-1778

151. Plaintiffs are informed and believe and thereon allege that Defendants and Does 1-1300, in making false representations and in failing to disclose the falsity of their representations as set forth, intended to cause Plaintiffs harm.

152. As a direct and proximate result of Defendants' and Does 1-1300 intentional conduct, Plaintiffs have suffered and continue to suffer substantial losses in earnings, bonuses, deferred compensation and other employment benefits in an amount subject to proof at the time of trial, which Plaintiffs claim as damages. Plaintiffs, therefore, will seek leave of Court to amend this Complaint when such sums can be reasonably ascertained, or will offer proof of same at the time of trial.

153. As a direct and proximate result of Defendants' and Does 1-1300 actions, Plaintiffs have also suffered general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial. Plaintiffs, therefore, will seek leave of Court to amend this Complaint when such sums can be reasonably ascertained, or will offer proof of same at the time of trial.

154. In addition, Plaintiffs has suffered serious physical and psychological pain as a direct and proximate result of Defendants' and Does 1-1300 actions. Said injuries caused, and will continue to cause Plaintiffs great physical and mental pain and suffering for which various medical and related costs will be incurred. Plaintiffs seek such amount as damages. Plaintiffs, therefore, will seek leave of Court to amend this Complaint when such sums can be reasonably ascertained, or will offer proof of same at the time of trial.

155. Plaintiffs are informed and believe and thereon allege that as a further direct and proximate result of the breach of contract of Defendants and Does 1-1300, Plaintiffs have incurred and continue to incur costs and expenses including but not limited to, litigation costs, attorneys' fees, and other damages arising out of the conduct of Defendants and Does 1-1300, as alleged herein.

156. Plaintiffs claim the aforementioned damages together with pre-judgment interest pursuant to *Civil Code* § 3287 and/or any other provision of law providing for pre-judgment interest.

///

///

///

///

QUADE & ASSOCIATES
11230 Sorrento Valley Road, Suite 223
San Diego, California 92121
(858) 642-1700
Fax (858) 642-1778

**NINTH CAUSE OF ACTION**

**Fraud or Deceit- Civil Conspiracy**

**(As to all Defendants and DOES 1 through 1300, inclusive, and each of them)**

157. Plaintiffs incorporate herein by reference each and every preceding paragraph as though set forth fully herein.

158. Plaintiffs are informed and believe and thereon allege that Defendants and Does 1-1300 conspired to defraud Plaintiffs of their right to earned wages as more fully set forth herein.

159. Plaintiffs are informed and believe and thereon allege that pursuant to this conspiracy, Defendants and Does 1-1300 engaged in a course of conduct to ensure that the Plaintiffs were not paid their rightful commissions by acts including but not limited to, rearranging assets and debts in such a manner to deprive Plaintiffs of their rightful amount due; misrepresenting commission calculations and the amount of "charge-backs" that would be taken out of said commission payments; not providing a truthful description of the charge-back to be taken out of Plaintiffs' commission payments; attempting to conceal fraudulent "charge-backs" by assigning fictitious reconditioning costs; concealing reconditioning costs covered by warranties; engaging in questionable accounting practices; and engaging in the fraudulent transfer of assets.

160. Plaintiffs are informed and believe and thereon allege that Defendants and Does 1-1300 were aware of the acts of each of the other Defendants' and Does 1-1300 wrongful conduct and assisted in ensuring that Plaintiffs were not paid their rightful commissions.

161. Plaintiffs are informed and believe and thereon allege that Defendants and Does 1-1300 agreed with the actions of each other Defendants and intended that the wrongful conduct described herein occur.

162. Plaintiffs are informed and believe and thereon allege that Defendants and Does 1-1300 co-operated with the actions of each of the other Defendants and Does 1-1300 and intended that the fraudulent actions occurred.

163. Plaintiffs are informed and believe and thereon allege that the purpose of this conspiracy was solely to ensure that Plaintiffs were not paid their full commissions.

QUADE & ASSOCIATES
11230 Sorrento Valley Road, Suite 225
San Diego, California 92121
(858) 642-1700
Fax (858) 642-1778

164. Plaintiffs are informed and believe and thereon allege that additionally Defendants and Does 1-1300 acted in concert in order to accomplish their common wrongful purpose as set forth further herein and above.

**TENTH CAUSE OF ACTION**

**Unfair and Unlawful Business Practices- Business and Professions Code Section 17200 et seq.**

**(As to all Defendants and DOES 1 through 1300, inclusive, and each of them)**

165. Plaintiffs incorporate herein by reference each and every preceding paragraph as though set forth fully herein.

166. This is a Representative Private Attorney General Action and Class Action for Unfair Business Practices. Plaintiffs, on their own behalf and on behalf of the general public, and on behalf of other similarly situated, brings this claim pursuant to *Business and Professions Code* § 17200, et seq.

167. Plaintiffs are informed and believe and thereon allege that the conduct of all Defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Plaintiffs, the general public, and the Plaintiffs' class. Plaintiffs seek to enforce important rights affecting the public interest within the meaning of *Code of Civil Procedure § 1021.5.*

168. Plaintiffs are informed and believe and thereon allege that Defendants and Does 1-1300, through the conduct described herein, have engaged in unfair, unlawful and fraudulent business practices in violation of *Business & Professional Code §17000, et seq.* The acts constitute a continuing and ongoing unlawful activity prohibited by *Business & Professional Code §17000, et seq.* and *Business & Professional Code §17200, et seq.*, and justify the issuance of an injunction, restitution, and other equitable relief pursuant to *Business & Professional Code §17203.*

169. Each plaintiff is a "person" within the meaning of *Business & Professional Code § 17204*, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

///

///

///

///

QUADE & ASSOCIATES
11250 Sorrento Valley Road, Suite 225
San Diego, California 92121
(858) 642-1700
Fax (858) 642-1778

170. Plaintiffs are informed and believe and thereon allege that, by and through their unfair, unlawful, and/or fraudulent business practices described herein, Defendants have obtained money and services from Plaintiffs and have deprived Plaintiffs of valuable rights and benefits guaranteed by law, all to Plaintiffs' detriment, have unlawfully made Plaintiffs the guarantor of their losses and having unlawfully avoided law and policy by by fraudulently "packing" it's cost of sales, by charging it's employees for these cost of sales, thus avoiding payment of applicable taxes and avoiding proper payment of wages to Plaintiffs.

171. Plaintiffs are informed and believe and thereon allege that the prompt payment of contracted pay and other legally required wages and benefits is a fundamental public policy of this state.

172. Plaintiffs are informed and believe and thereon allege that all of the acts described herein are unlawful and in violation of public policy and the California *Labor Code*, and in addition are immoral, unethical, oppressive, fraudulent, malicious, and unscrupulous, and thereby constitute unfair, unlawful, and/or fraudulent business practices, in violation of California *Business & Professions Code §17200, et seq.*

173. Plaintiffs are informed and believe and thereon allege that Defendants and Does 1-1300 either knew, or in the exercise of reasonable care should have known, that their conduct was unlawful. As such, it is a violation of *Business & Professional Code § 17200.*

174. Plaintiffs are informed and believe and thereon allege that unless restrained by this Court, Defendants and Does 1-1300 will continue to engage in the unlawful conduct as alleged above. Pursuant to the *Business and Professions Code*, this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by Defendants and Does 1-1300, their agents or employees, of any unlawful or deceptive practice prohibited by the *Business & Professions Code*, and/or, including but not limited to, disgorgement of profits which may be necessary to restore Plaintiffs and the class members the money Defendants and Does 1-1300 have unlawfully failed to pay.

///

///

///

QUADE & ASSOCIATES
11230 Sorrento Valley Road, Suite 225
San Diego, California 92121
(858) 642-1700
Fax (858) 642-1778

**ELEVENTH CAUSE OF ACTION**

**For an Accounting**

**(As to all Defendants and DOES 1 through 1300, inclusive, and each of them)**

175. Plaintiffs incorporate herein by reference each and every preceding paragraph as though set forth fully herein.

176. There is an unknown amount of money that is due and owed to Plaintiffs, the precise amount of which cannot be ascertained without an accounting, because the means of said accounting are within the knowledge and power of Defendants. Said sums include appropriate reconciliation of all sums paid or to be paid to Plaintiffs, as well as deductions taken and to be taken as reasonable "overhead."

177. Defendants' are obliged to care for and protect in all particulars Plaintiffs' financial interest, and to hold in trust the moneys provided to Defendants, which is ear-marked for Plaintiffs.

178. Plaintiff seeks an accounting from Defendants, relating to their operations.

**PRAYER**

1. For all economic/non-economic damages in an amount according to proof at trial.
2. For reasonable attorney fees incurred.
3. For interest thereon, as permitted by law.
4. For punitive damages sufficient to punish Defendants for their wrongdoing as described herein and in an amount subject to proof at trial.
5. For an accounting relating to Defendants' operations and payment to Plaintiffs.
6. Pursuant to *Business & Professions Code* §§17203 and 17535, and pursuant to the equitable powers of this Court, Plaintiffs pray that the Defendants be preliminarily and permanently enjoined from the afore-mentioned unfair business practices.
7. For other relief as the court deems just and proper.

DATED: November 20, 2006

QUADE & ASSOCIATES, a PLC

By: ______________________
Michael W. Quade
Amy Elizabeth Allemann
Attorneys for Plaintiffs

QUADE & ASSOCIATES
11230 Sorrento Valley Road, Suite 225
San Diego, California 92121
(858) 642-1700
Fax (858) 642-1778

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
HARCO NATIONAL INSURANCE COMPANY

**DEFENDANTS**
THE AUTOMOTIVE GROUP, INC.; NORTH COUNTY FORD, INC.; UNIVERSAL UNDERWRITERS INSURANCE COMPANY; LAKE ELSINORE FORD, INC.; JAMES E. CROWLEY; JOSEPH WEIR; JEFF FRIEDSTEDT; SEAN CROWLEY, SCOTT CROWLEY; MICHAEL KOSAKOWSKI; MARSHAL KENNY; DUSAN POPOVIC; et al.

FILED
08 JUN 20 PM 3:53
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

(b) County of Residence of First Listed Plaintiff Out-of-State
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
HARRINGTON, FOXX, DUBROW & CANTER, LLP
1055 W. Seventh St., 29th Floor
Los Angeles, CA 90017-2547
T: (213) 489-3222
F: (213) 683-4835

Attorneys (If Known)

'08 CV 1098 JLS AJB

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [X] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [X] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [X] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- [X] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

PERSONAL INJURY
- [ ] 362 Personal Injury - Med. Malpractice
- [ ] 365 Personal Injury - Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 444 Welfare
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 440 Other Civil Rights

**PRISONER PETITIONS**
- [ ] 510 Motion to Vacate Sentence

Habeas Corpus:
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

**FORFEITURE/PENALTY**
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt. Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 463 Habeas Corpus - Alien Detainee
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity)**:
28 USC Sec. 1332; 28 USC Sec. 1391
Brief description of cause:
Declaratory Relief (No Duty to Defend/Indemnify); Reimbursement of Defense Fees and Costs

**VII. REQUESTED IN COMPLAINT:** [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23 **DEMAND $** 75,000 plus Declaratory Relief [ ] CHECK YES only if demanded in complaint: **JURY DEMAND:** [X] Yes [ ] No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE DOCKET NUMBER

DATE
June 20, 2008
SIGNATURE OF ATTORNEY OF RECORD
MICHAEL C. DENLINGER

FOR OFFICE USE ONLY
RECEIPT # 15251 AMOUNT $350 APPLYING IFP JUDGE MAG. JUDGE
TAC 6/20/08

CSDJS44

**UNITED STATES**
**DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 152151 - TC**

**June 20, 2008**
**15:52:31**

**Civ Fil Non-Pris**
USAO #.: 08CV1098
Judge..: JANIS L. SAMMARTINO
Amount.: $350.00 CK
Check#.: BC129271

**Total-> $350.00**

FROM: HARCO NATIONAL INSURANCE
VS.
THE AUTO GROUP ET AL.